WILLIAM N. BROWN AND JOHN C. LEATON v. CHARLES
E. RING, ELLIOTT O. EASTMAN, SIDNEY L. EAST-
MAN, AND FRED HEMPY.

*Appeal—Receiver—Conditional sale—Equity jurisdiction.*

1. An order appointing a receiver is appealable when it takes from
   a party a possession to which he is entitled of right. *Taylor
   v. Sweet,* 40 Mich. 739.

   So *held,* where the vendors of shingle logs, who had retained
   the title to the logs and shingles manufactured therefrom, as
   security, etc., filed a bill to enforce their alleged lien upon a
   portion of said shingles in the hands of purchasers from their
   vendee who claimed to be good faith purchasers for value, and
   an order was made appointing a receiver to take possession of
   said shingles, and hold and dispose of them only under the
   direction of the court.

2. The facts that a vendee of shingle logs, the title to which, as
   also to the shingles manufactured therefrom, is retained by the
   vendor until certain notes given for the purchase price are
   paid, has sold the shingles in violation of the contract, and in
   fraud of the vendor, and that the purchasers threaten to remove
   the shingles out of the jurisdiction of the court, it not being
   claimed that they are pecuniarily irresponsible, do not create an
   equity entitling the vendor to maintain a bill in equity to
   enforce his alleged lien on the shingles, and for an accounting
   with said purchasers for shingles sold.

Appeal from Saginaw. (Gage, J.) Argued June 13,
1889. Decided October 25, 1889.

Bill to enforce an alleged lien upon shingles manufac-
tured from logs sold by complainants to the appellants'
vendor, retaining the title to both logs and shingles until
purchase price was paid. Defendants Eastman, Eastman,
and Hempy appeal from order appointing a receiver, etc.
Order set aside, and bill dismissed. The facts are stated
in the opinion.

*Hanchett, Stark & Hanchett,* for complainants, contended:

1. The order does not in any manner dispose of or pass upon, or prejudge the merits of the case; it does not take the property from the appellants' possession, and is in no sense a final order, and is not appealable; citing *Caswell v. Comstock,* 6 Mich. 391; *Enos v. Sutherland,* 9 Id. 148; *Perkins v. Perkins,* 10 Id. 425; *Demaray v. Little,* 17 Id. 386; *Salling v. Johnson,* 25 Id. 489; *Colgate v. Railroad Co.,* 28 Id. 288; *Hamilton v. Circuit Judge,* Id. 268; *Maxfield v. Freeman,* 39 Id. 64; *Beecher v. Rolling Mill Co.,* 40 Id. 307; *Lapham v. Lapham,* Id. 527; *Brown v. Vandermeulen,* 41 Id. 418.

2. It is held that an order which *takes property out of the possession* of a party and places it in the hands of a receiver, under such circumstances as prejudge the merits of the controversy against such party, is appealable by him, and an order allowing an injunction, having the like effect against a party in possession, is appealable by him; citing *Railway Co. v. Railroad Co.,* 61 Mich. 9; *Taylor v. Sweet,* 40 Id. 736; *Railroad Co. v. Circuit Judge,* 44 Id. 479; *McCombs v. Merryhew,* 40 Id. 721; *Railway Co. v. Circuit Judge,* 31 Id. 456; *Witbeck v. Chittenden,* 50 Id. 426; *Simon v. Schloss,* 48 Id. 233; *Morey v. Grant,* Id. 326; *Railway Co. v. Jones,* 33 Id. 303; *Barry v. Briggs,* 22 Id. 201; *Lewis v. Campau,* 14 Id. 458.

3. Appellants have no right of appeal based on the disturbance of Ring's possession, he being the only party who can complain of the order on that ground; citing *Salling v. Johnson,* 25 Mich. 489; *English v. Carney,* Id. 178; *Griggs v. Railway Co.,* 10 Id. 117; *Warner v. Whittaker,* 6 Id. 133.

4. It was competent for the parties by express agreement to create a lien upon the shingles, which lien was intended to be preserved, and the rights of both parties protected, by the terms of the contract in retaining the title in the complainants, with no power of sale vested in either party, so that the joint act of both parties should be necessary to a sale; citing 2 Story, Eq. Jur. §§ 1216, 1231; 2 Kent, Com. 637; *Hauselt v. Harrison,* 105 U. S. 401, 405–408; *Gregory v. Morris,* 96 Id. 619, 623; *Pinch v. Anthony,* 8 Allen, 536, 539; *Nagle v. McFeeters,* 97 N. Y. 196, 199, 201; *Dodsley v. Varley,* 12 Adol. & Ell. (40 Eng. Com. Law), 316; *Wright v. Bircher's Ex'r,* 37 Am. Rep. 433; *Seymour v. Railroad Co.,* 25 Barb. 284; *Mitchell v. Winslow,* 2 Story, 630.

5. No power of sale being reserved to enforce the lien, complainants' remedy is to foreclose their lien in chancery; citing

2 Kent, Com. 642, 643; 2 Story, Eq. Jur. § 1217; *Arians v. Brickley*, 65 Wis. 26; *Fox v. McGregor*, 11 Barb. 41; *Black v. Brennan*, 5 Dana, 311; *Gillespie v. Bradford*, 7 Yerg. 168; *Montandon v. Deas*, 14 Ala. 33; *Doane v. Russell*, 3 Gray, 382, 385; *Hauselt v. Harrison*, 105 U. S. 401, 405; *Pinch v. Anthony*, 8 Allen, 536, 539.

*Wheeler, McKnight & Grant,* for appellants, contended:

1. It is simply a suit to collect a debt. There is no agency, trusteeship, nor confidential relation. The fact that Ring has sold in violation of his agreement, and even in fraud of complainants, does not create an equity; even if vendee bought with idea of never paying, equity will not interfere; citing *Bridge Co. v. Van Etten*, 36 Mich. 210; *Teft v. Stewart*, 31 Id. 367; *Bennett v. Nichols*, 12 Id. 24; *Buzard v. Houston*, 119 U. S. 351; *Normandin v. Mackey*, 38 Minn. 417, *Bushnell v. Avery*, 121 Mass. 148; 1 High, Inj. § 395; 1 Pomeroy, Eq. Jur. § 178.

2. The principles as to so-called conditional sales laid down in *Jenks v. Colwell*, 66 Mich. 428, will protect us. The right to have legal questions involved submitted to a jury is settled in cases before cited, and in *Bank v. Circuit Judge*, 43 Mich. 297; *Lumber Co. v. McDonald*, 57 Id. 292; *Edwards v. Symons*, 65 Id. 348; *Wales v. Newbould*, 9 Id. 87.

3. In support of claim that order is appealable, counsel cited *Taylor v. Sweet*, 40 Mich. 739; *Railroad Co. v. Circuit Judge*, 44 Id. 479.

LONG, J. We take the statement from the brief of complainants' counsel as to the claim made under their bill.

The complainants, on February 9, 1887, by two contracts, agreed to sell to Charles E. Ring 2,000,000 feet of white pine shingle logs, to be delivered by them in the limits of the Tittabawassee boom, for $7 per thousand feet, payable, on one contract, $2,000 in 90 days, $1,500 in 4 months, $1,500 in 6 months, in notes of Mr. Ring, and the balance (of $5,500 more or less) in 90 days from delivery of logs in boom limits, by Ring's notes, if the complainants so desired. Payments under this second contract were to be $500 down, $1,000 in 4 months, $500 in 6

months, in Ring's notes, and balance ($1,500, more or less) in 90 days from delivery of the logs in the boom limits, by Ring's notes, if complainants so desired. A scale of the logs was to be made by D. C. Kendall, who was to decide when the logs were delivered in the boom limits.

Both the contracts contain the following provision, viz.:

"It is further agreed that, in case said second party desires to renew any of above notes, first parties agree to indorse such renewals, should they be presented for payment, until the shingles manufactured from the logs herein bargained for are sold.

"It is expressly understood that the title to said logs, and the shingles manufactured therefrom, shall remain in the first parties until all the notes given in payment by second party to first parties are paid; also agreed that the discount on all notes shall be paid by second party."

Both contracts provided that, in case the winter should make it impossible to get in the full quantity of logs, then the first parties only sell and deliver such an amount as they shall have at the breaking up of hauling; and, in case the mill operated by second party should blow up or burn up, he should take only so many of the logs as he should manufacture up to that date, and the notes in excess of the amount manufactured to be paid back by the first parties.

The complainants filed their bill setting out these contracts, and state that they put in about 1,700,000 feet of the logs, for which Ring delivered to them his notes, except such notes as were to be executed after the delivery of the logs in the boom limits,—the quantity of logs delivered from the boom to Ring, and which were manufactured by him into shingles, being 1,052,590 feet by the scale; that there has been paid on them only $1,140; and that there is now due and unpaid $6,618.

It is further claimed by the bill that Ring manufactured the logs into shingles at the mill operated by him at Saginaw, piled the shingles on his dock, and, without the knowledge or assent of the complainants, sold to parties unknown to them large quantities of the shingles; that with the assent of Wells, Stone & Co., who, for a time, held said contracts and notes as a security by assignment from the complainants, said Ring sold to O. & E. Ten Eyck and to Wells, Stone & Co. a small portion of said shingles, the proceeds of which were applied on said purchase price of said logs, being the said sum of $1,140; and that Ring sold all the balance of the shingles to the defendants Elliott O. Eastman, Sidney L. Eastman, and Fred Hempy, who claim to own them, by said purchase, free from any claim or title of the complainants, and assert their intention to remove them. There are about 1,000,000 of those shingles now on the docks.

The bill avers that Ring is entirely irresponsible; that he represented to complainants, from time to time, that he had no opportunity to make sale of the shingles, and that they were ignorant of any sales made; that Ring has sold without their knowledge, intending to cheat and defraud them; that some of the shingles have been removed beyond the jurisdiction of the court, and those remaining on the dock are exposed to loss by fire, and are so exposed that they cannot be insured, and they are also exposed to clandestine removal.

The bill prays for an injunction against defendants to prevent the removal and disposition of the shingles, and for the appointment of a receiver to take care of them pending suit.

The bill asserts that, upon the facts, the complainants have an equitable lien upon the shingles, and seeks to

foreclose the lien by a sale of the shingles under the decree of the court.

A preliminary injunction was issued, forbidding the removal or disposition of the shingles by the defendants.

The defendant Ring filed an answer not sworn to.

The defendants Eastman, Eastman, and Hempy filed an answer sworn to by Elliott O. Eastman, and say they bought 1,400,000 shingles, and paid full value for them at the time of the purchase; that they are *bona fide* purchasers for value; that they shipped of said shingles, during last fall, in all about 909,000 in weekly shipments, and the shingles so bought were the last of the shingles from complainants' said logs; aver, on information and belief, that complainants knew that Ring was making sales of the shingles to different parties named; and deny that complainants have any interest in the shingles; and also deny, on information and belief, the equities of the bill; and claim the benefit of a demurrer.

Upon the filing of these answers, the defendants entered a motion for the dissolution of the injunction, basing the application upon the answer filed; no affidavits being filed on the motion. This motion came on to be heard, together with complainants' motion for the appointment of a receiver, before his honor, Judge Gage, of the Saginaw circuit, who, on April 22, 1889, denied the motion for dissolution of the injunction, and appointed Mr. Farnum C. Stone as receiver, directing, in such order, that said receiver take possession of said shingles, and hold and dispose of the same only under the direction of the court. From this order the defendants Eastman, Eastman, and Hempy appeal to this Court.

It is insisted by counsel for complainants that this order is not appealable; that it does not in any manner dispose of, or pass upon, or prejudge the merits of the case; that it does not take the property from the appel-

lants' possession, and is in no sense a final order. Counsel cite many cases in support of this proposition; but we do not think the case, upon the facts stated, comes within the principles stated in those cases. Here the defendants claim to be the *bona fide* purchasers of these shingles, and to have paid for them their full value, and to have shipped a large part in weekly shipments. As between Ring and themselves, they are entitled to have possession and control of them. They have taken possession and shipped a part; and, as to the balance (the 500,-000 in controversy here), they have taken such possession as is ordinarily taken of such property. By the terms of the injunction they are prohibited from removing them or disposing of them, and by the appointment of the receiver their rights and interests are interfered with, and their rights to ship them so far prejudiced. The order is appealable, under all well-settled rules. An order appointing a receiver is appealable when it takes from a party a possession to which he is entitled of right. *Taylor v. Sweet*, 40 Mich. 739.

The facts stated in the bill do not bring the case under any general head of equity jurisdiction. The right of action does not seem to be dependent upon, or connected with, any equitable feature or incident. While it is true the bill asks for an accounting by the defendants touching the amount due under the contracts with Ring, and the value of the shingles claimed to have been converted by the other defendants, and that the complainants may be decreed to have an equitable lien upon all shingles manufactured from said logs so sold, yet no fraud or mistake is claimed in making the contract, and no trust relations exist between the parties.

The case presented by the bill is that valid contracts were made between the complainants and Ring by which Ring was to take the logs into his possession, manufact-

ure the same into shingles, and pay to complainants certain amounts of money, evidenced by these several notes, and that the complainants, under the contracts, retained the title to all such logs and shingles until the full amount due on the notes was paid; and, further, that the other defendants claim to have purchased said shingles from Ring, and threaten to remove the balance undisposed of out of the jurisdiction of the court. The contract itself does not state, in express terms, by whom the shingles were to be sold. It is evident, however, that the notes were to be paid out of the moneys arising from the sale of the shingles.

Complainants' counsel insist that, under the true construction of these contracts, it required the joint acts of complainants and Ring before sales could be made, and the title to the shingles pass to the third parties, and that the attempt of Ring to sell and dispose of them to the other defendants was a fraud upon their rights. In this controversy, however, we are not called upon to give a construction to this portion of the contract, as we are satisfied that no case is made by the bill giving a court of equity jurisdiction. The fact that Ring may have sold in violation of the contract, and in fraud of the complainants, does not create an equity which would entitle complainants to maintain the bill; and the fact that the other defendants threaten to remove the property out of the jurisdiction of the court would not create such a right. There is no claim in the bill that the appellant defendants are pecuniarily irresponsible.

If the complainants are the owners of the shingles unsold, or have a lien upon them superior to any rights which the appellant defendants claim under their purchase from Ring, they have a complete and adequate remedy at law, as well as for the portion of the shingles which these defendants have already sold and converted.

If complainants' theory is correct, and the contracts warrant the construction claimed by them, we see no reason why their rights may not be litigated in an action of replevin for the shingles now remaining within the jurisdiction of the court, or in any other appropriate action at law for their value, as well as for the value of those which complainants claim the appealing defendants have heretofore shipped, and the proceeds of which they have converted.

The order appointing the receiver must be vacated and set aside, and complainants' bill dismissed, with costs of both courts.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred with LONG, J.

SHERWOOD, C. J., *(dissenting)*. I think the decree in this case should be affirmed. The title to the property in question was in complainants, and they had never been divested of it. They took the only course affording them an adequate remedy for the grievance complained of. If they have a remedy at law and it can only be made available through a multiplicity of suits, this fact alone is sufficient to give a court of equity jurisdiction. It is neither equitable nor just to compel these complainants to surrender their property to the control of defendants, who have neither title or right to the possession thereof, and compel complainants to resort to an action of replevin to recover it again, and subject them to the risk and hazard of its loss or destruction, or of its being carried away into a foreign jurisdiction before the writ can be made available for its recovery.

The jurisdiction of equity is preventive as well as remedial, and neither should be withheld where necessary to protect the rights of parties and no other is adequate.

The decree at the circuit should be affirmed.