WHITE STAR REFINING CO. v. HANSEN.

1. CONTRACTS—STIPULATION FOR LIQUIDATED DAMAGES GIVES NO
RIGHT TO TERMINATE CONTRACT.
   Provision in contract for liquidated damages did not give right
   to terminate it by paying amount agreed upon, but perform-
   ance was intended.

2. INJUNCTION—EQUITY—LIQUIDATED DAMAGES—ADEQUATE REM-
EDY AT LAW.
   Stipulation for liquidated damages being applicable only in.
   event of breach of contract, it of itself does not ·prevent
   granting equitable relief enjoining violation of negative provi-
   sion of contract.

3. SAME—BREACH OF NEGATIVE COVENANT.
   While court of equity cannot enforce specifically affirmative
   provisions of contract, it may, nevertheless, and should, in a
   proper case, prevent breach of negative covenant.

4. SAME—EQUITY—ADEQUATE REMEDY AT LAW.
   Proper case for equitable relief enjoining violation of negative
   provision of contract is where remedy at law is not adequate,
   as where injury cannot be compensated in damages.

5. APPEAL AND ERROR—MOTION TO DISMISS—ALLEGATIONS TAKEN
AS TRUE.
   On appeal from order dismissing suit for injunction on ground
   that plaintiff has adequate remedy· at law, allegation that
   defendant is financially irresponsible and that judgment could
   not be collected is to be taken as true.

6. INJUNCTION—EQUITY—RIGHT TO RECOVER WORTHLESS JUDGMENT
NOT ADEQUATE REMEDY AT LAW.
   Right to recover worthless judgment is not adequate remedy
   at law, hence allegation that judgment against defendant
   would be worthless, if proved, makes case for equitable relief.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted May 7, 1930. (Docket No. 162, Calendar
No. 34,948.) Decided June 27, 1930.

Bill by White Star Refining Company, a Delaware corporation, against Hans B. Hansen to restrain defendant from selling motor fuels other than those of plaintiff. From an order dismissing the bill, plaintiff appeals. Reversed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Seth J. Wicker,* for defendant.

CLARK, J. The bill, on motion of defendant, was dismissed on the ground that plaintiff had adequate remedy at law, and it has appealed.

The bill alleges that plaintiff is in the business of manufacturing and distributing gasoline under widely advertised trade names, that its policy is to grant districts to owners of gasoline stations and to agree that it will not contract with others for sale of its products within such districts, that it entered into an agreement with defendant giving him a certain territory and the exclusive right to sell its products therein, and agreeing to supply his requirements during the life of the contract. Defendant agreed to buy his entire requirements from plaintiff, and further agreed not to "sell or allow to be sold on his premises * * * any other brands of motor fuel than those of the seller (plaintiff)."

The contract provides of liquidated damages:

"Whereas serious and substantial damage will be suffered by seller in case buyer refuses or neglects to purchase fuels and lubricants as above specified, and exact proof thereof will be difficult, buyer agrees that, in case of such refusal or neglect, he will pay to seller as liquidated damages a sum equal to $110 multiplied by the number of months remain-

ing between date of such breach and expiration of this contract. Such sum shall be paid by buyer or seller upon demand in case of buyer's refusal to continue to purchase motor fuels and lubricants from seller, or in case buyer purchases same elsewhere, seller being ready, willing and able to furnish buyer with his requirements. In other respects, damage sustained by either party in case of breach shall be proven in the manner provided by law."

The bill alleges performance of the contract by plaintiff, and it alleges breach by defendant, and that he has advised plaintiff he will be bound no longer but will purchase elsewhere at will. The bill prays injunction restraining defendant from violating the negative provision of the contract above quoted.

The stipulation for liquidated damages did not give defendant the contract right to terminate the contract by paying the amount agreed upon. Performance of the contract was intended. The stipulation is applicable only in the event of breach, hence it of itself does not prevent granting of equitable relief here prayed. 14 R. C. L. p. 396.

While the court of equity cannot enforce specifically the affirmative provisions of a contract such as this, it may, nevertheless, and it should, in a proper case, prevent a breach of the negative covenant. 2 High on Injunctions (1905), § 1164a. A proper case for such equitable relief is one where the remedy at law is not adequate. Plaintiff relies on *Peerless Pattern Co.* v. *Gauntlett Dry Goods Co.*, 171 Mich. 158 (42 L. R. A. [N. S.] 843). The trial court dismissed the bill on authority of *Hardy* v. *Allegan Circuit Judge*, 147 Mich. 594 (10 L. R. A. [N. S.] 474, 118 Am. St. Rep. 557). The two cases are not harmonious. The *Hardy Case* held cor-

rectly on a bill to prevent breach of negative stipulation relative to sale of goods:

"If an injunction is issued to prevent a breach of this agreement, I do not know how it can be refused to prevent the breach of all similar agreements. In that case, whenever a business man agreed to sell in his place of business the products of a certain dealer and to refuse to sell any other, the court would enjoin a breach of the last mentioned agreement. This would, in my judgment, be opposed to both reason and authority."

See *Voigt Brewery Co.* v. *Holtz,* 168 Mich. 352.

The exceptional cases in which equity will grant injunctive relief are, as has been said, those in which the remedy at law is not adequate, as where the injury cannot be compensated in damages (*White Marble Lime Co.* v. *Consolidated Lumber Co.*, 205 Mich. 634), and as where a judgment for damages would be worthless. 14 R. C. L. p. 396.

On the facts thus far stated, the trial court, on the authority of the *Hardy Case,* was right in dismissing the bill. But the court seems to have overlooked an allegation of the bill, here to be taken as true, that defendant is financially irresponsible, and that judgment could not be collected.

The right to recover a worthless judgment is not an adequate remedy at law. *Brown* v. *Ring,* 77 Mich. 159; 32 C. J. p. 64; 14 R. C. L. p. 345. So plaintiff stays in equity on its allegation that a judgment against defendant would be worthless. To have on final decree the relief prayed the allegation must be proved.

Reversed. Defendant may answer within 15 days. Costs to plaintiff.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.