## BACHLER v. MAYTAG CO.

PROCESS—FOREIGN CORPORATIONS—JURISDICTION.

> Service on agent of foreign corporation does not subject such corporation to jurisdiction of State courts unless corporation is doing business in State where such service is obtained, nor does service on subsidiary corporation constitute valid service on foreign corporation not doing business in State (3 Comp. Laws 1915, § 12434).

Certiorari to Macomb; Reid (Neil E.), J. Submitted June 3, 1930. (Docket No. 5, Calendar No. 34,782.) Decided October 3, 1930.

Case by Alphonsus A. Bachler against the Maytag Company, an Iowa corporation, the Maytag Company, a Delaware corporation, and Maytag Sales Corporation, a Delaware corporation, for fraud. Denial of motion to dismiss as to first two defendants is reviewed by them by certiorari. Reversed.

*Lungerhausen, Weeks, Lungerhausen & Neale* (*Paul S. Hirt,* of counsel), for defendants.

NORTH, J. Because of an alleged fraud, plaintiff brought this suit to recover damages against the Maytag Company, an Iowa corporation, and also against the Maytag Company, a Delaware corporation. Service of the declaration was made on one Fred G. Longstaff, who was referred to in the return of service as "defendant named in said declaration." As a matter of fact Longstaff was not the defendant, but instead he was the district manager

Acquiring jurisdiction over foreign corporation by service of process, see annotation in 70 L. R. A. 532.

of the Maytag Sales Corporation, which was also organized under the laws of Delaware. Defendants entered a special appearance and moved to dismiss the cause on the ground that the defendant corporations were not doing business in Michigan, and no service of process had been made upon an officer or agent of either of these corporations. Pending the disposition of the motion to dismiss, plaintiff filed an amended declaration wherein the Maytag Sales Corporation was made a party defendant. Service was again obtained upon Mr. Longstaff, and this latter defendant entered a general appearance. Thereafter testimony was taken somewhat at length incident to the hearing of the motion to dismiss as to the other two defendants. The motion was denied by the circuit judge and is before us for review by certiorari.

"In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this State, and any person representing such corporation in any capacity shall be deemed an agent within the meaning of this section." 3 Comp. Laws 1915, § 12434.

Plaintiff asserts that valid service of process within the provision of the quoted statute was obtained. In his amended declaration he alleges that the defendants "organized and maintained a series of corporations intended to be free from legal responsibility for the systematic fraud complained of by plaintiff; * * * and that each of said companies is the agent of the other in the perpetration of the fraud and wrongs complained of by plaintiff." Plaintiff claims that the Maytag Sales Corporation

is the agent of the Maytag Company incorporated in Iowa and the Maytag Company incorporated in Delaware. This view was adopted by the trial judge and he therefore held that service on the Maytag Sales Corporation was good service on each of the other corporations. Careful consideration of the record fails to disclose testimony which would justify the conclusion that the organization of the Maytag Sales Corporation was prompted by any fraudulent intent or that it has been used for any fraudulent purpose or as a means of evading legal obligations. It is a separate corporate entity. Its main office is in Newton, Iowa; and evidently it is closely identified with the Maytag Company incorporated under the laws of Delaware, which is the manufacturing company. These two corporations appear to be officered by the same men. The sales corporation maintains a branch at Indianapolis, Indiana, through which its business in Michigan is conducted. But service of process upon it does not subject the Maytag Company, the Delaware corporation, to the jurisdiction of Michigan courts. Service upon the agent of a foreign corporation does not subject such corporation to the jurisdiction of the State courts unless the corporation is doing business in the State where such service is obtained. *Matthews* v. *Montreal Mining Co.*, 183 Mich. 541; *Smart* v. *Railway Co.*, 240 Mich. 542; *Peterson* v. *Railway Co.*, 205 U. S. 364 (27 Sup. Ct. 513); *Philadelphia & Reading R. Co.* v. *McKibbin*, 243 U. S. 264 (37 Sup. Ct. 280).

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the

inference that it is present there. And even if it is doing business within the State the process will be valid only if served upon some authorized agent." *Philadelphia & Reading R. Co.* v. *McKibbin, supra,* citing *St. Louis, etc., R. Co.* v. *Alexander,* 227 U. S. 218 (33 Sup. Ct. 245).

Even if it be conceded that the sales corporation is a subsidiary of one or both of the appellants, still the service obtained would not subject them to the court's jurisdiction because service on a subsidiary corporation does not constitute valid service on another foreign corporation not doing business within the State. *People's Tobacco Co.* v. *American Tobacco Co.,* 246 U. S. 79 (38 Sup. Ct. 233). This record discloses that the Maytag Company incorporated under the laws of Iowa was organized in 1909. It entirely discontinued doing business in 1921, when all of its assets were transferred to the Maytag Company incorporated under the laws of Maine. Subsequently this latter company was succeeded by the Maytag Company incorporated in Delaware. We think it conclusively appears that the service here obtained upon Mr. Longstaff as a district manager of the Maytag Sales Corporation did not give the court jurisdiction of either of the appellants. It follows that the ruling of the trial court must be reversed. The case is remanded, with directions to enter an order setting aside the service as to appellants; but the case will proceed in the usual course as to the remaining defendant. The appellants will have costs of this court.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.