CITIES SERVICE OIL CO. *v.* WALDRON.

1. REFORMATION OF INSTRUMENTS—LEASES—HUSBAND AND WIFE.
   Decreeing reformation of lease executed by husband by substituting lot owned by wife, who was not made a party, was idle.

2. EQUITY—PARTIES—REFORMATION OF INSTRUMENTS.
   Wife, who was not party to suit for reformation of lease executed by her husband, is not bound by ratification or estoppel on said lease or agreement made by her husband.

3. INJUNCTION—PARTIES—LANDLORD AND TENANT.
   Where wife was not party to suit for injunction and for reformation of lease executed by her husband, her tenants should not be disturbed until she has been heard.

4. APPEAL AND ERROR—INJUNCTION—DECREE MAY BE REVERSED FOR WANT OF PROPER PARTIES.
   If proper and necessary parties to injunction suit are not before the court, the decree may, for this reason, be reversed.

Appeal from Genesee; Parker (James S.), J. Submitted June 26, 1931. (Docket No. 124, Calendar No. 35,812.) Decided October 5, 1931.

Bill by Cities Service Oil Company, a Michigan corporation, against Walter W. Waldron and others to reform a lease and enjoin its violation. Decree for plaintiff. Defendants appeal. Reversed.

*Doran & Pearson,* for plaintiff.

*Neithercut & Neithercut,* for defendants.

CLARK, J. To secure outlet for its products, plaintiff, on February 21, 1930, entered into a lease with defendant Walter W. Waldron covering a certain

lot 288 in Flint, reciting that it was then owned and operated as a gasoline filling station, the rental being one-half cent per gallon on all gasoline sold, payable monthly. Whether the lease was for one year or two years is questioned, although the writing recites a term of two years. The filling station was not on lot 288; it was on lot 290, which was the separate property of Cora E. Waldron, wife of Walter. It seems there was some collateral agreement or understanding, not set forth in the record, between plaintiff and Walter W. Waldron, that he should remain in possession and sell exclusively the products of plaintiff.

In September, 1930, Cora E. Waldron conveyed lot 290 to a third person who in turn conveyed it to Walter W. Waldron and Cora E. Waldron, husband and wife.

In August, 1930, the Waldrons leased lot 290 to defendants Steckley, who took possession. Walter W. Waldron told defendant Louis Steckley that the arrangement with plaintiff was for one year, and plaintiff's agent or local manager Tucker admits in effect that he so informed Steckley and Waldron. Defendants Steckley sold plaintiff's products at the station until on or about March 1, 1931, when they began buying and selling products of another company. This bill followed.

Plaintiff does not seek to dispossess the Steckleys, but, it seems, seeks to enjoin violation of some agreement, not in the record, to sell its products exclusively.

The nonjoinder of Cora E. Waldron was raised by answer, also the mistake in description of the lot in plaintiff's lease. Plaintiff amended its bill and prayed reformation of the lease, but did not bring in Mrs. Waldron, and she is not a party to this suit,

The trial court, however, reformed the lease to cover lot 290, held Mrs. Waldron estopped to deny that it was her lease, and gave plaintiff injunctive relief prayed. Defendants have appealed.

Reformation of the lease is indispensable to the theory of the bill. To decree reformation by putting lot 290 into the lease when Mrs. Waldron, who owned the lot, is not a party is idle. Neither should she be held bound by ratification or estoppel on the lease or agreement made by her husband when she is not a party.

Nor should her tenants be disturbed as provided by decree until she has been heard. If proper and necessary parties to a bill for injunction are not before the court, a decree may, for this reason, be reversed. 32 C. J. p. 305; *Morse* v. *Machias, etc., Co.,* 42 Me. 119.

Counsel are agreed that reformation might have been decreed if proper parties had been before the court, and the facts warranted it.

No point is made of adequate remedy at law. *White Star Refining Co.* v. *Hansen,* 251 Mich. 224.

The record is not clear as to authority of plaintiff's agent Tucker to speak of the term of the lease.

Reversed. Cause remanded for such further proceedings as may be advised. Costs to appellants.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.