O'MELIA v. BERGHOFF BREWING CORP.

1. EQUITY—MOTION TO DISMISS—WELL-PLEADED FACTS ACCEPTED AS TRUE.

In considering a motion to dismiss a bill of complaint, facts well pleaded in the bill must be accepted as true.

2. SPECIFIC PERFORMANCE—DISTRIBUTOR'S CONTRACT.

A court of equity will not enforce specifically affirmative provisions of a contract under which a brewing company agreed to sell its beer exclusively to plaintiff distributor in a certain territory for a term of five years.

3. INJUNCTION—BREACH OF NEGATIVE COVENANT—ADEQUATE REMEDY AT LAW—DAMAGES.

While a court of equity cannot enforce specifically affirmative provisions of a contract, it may in a proper case prevent breach of a negative covenant, such as where the remedy at law is not adequate and the injury cannot be compensated in damages.

4. SAME—NEGATIVE COVENANT—ADEQUATE REMEDY AT LAW—DAMAGES—BEER DISTRIBUTOR'S CONTRACT.

An injunction to enforce negative covenants of contract between brewer and distributor whereby latter was to have exclusive right to sell beer manufactured by former and former agreed not to sell to others for a period of five years in designated territory will not be granted where to grant it would compel the brewer to perform its contract with plaintiffs or discontinue its business in that territory and distributor's remedy at law for damages was adequate.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted January 7, 1943. (Docket No. 52, Calendar No. 42,131.) Decided February 23, 1943.

Adequacy of remedy at law as bar to specific performance, see 2 Restatement, Contracts, § 358.

Bill by B. B. O'Melia and others, copartners do-
ing business as O'Melia-Horgan, against Berghoff
Brewing Corporation and others to restrain sale of
beer in certain counties to others, for an accounting
and a money decree. Bill dismissed. Plaintiffs
appeal. Affirmed.

*Gerald J. Cotter, Ray D. Markel* and *Charles H.
Goggin,* for plaintiffs.

*Shields, Ballard, Jennings & Taber,* for defendant
Berghoff Brewing Co.

*Edward N. Lynch,* for defendants Tice.

STARR, J. Plaintiffs appeal from an order entered
June 26, 1942, dismissing their bill of complaint.

On August 30, 1940, defendant Berghoff Brewing
Corporation, an Indiana corporation qualified to
transact ·business in Michigan, entered into a writ-
ten contract with plaintiffs, a copartnership doing
business as O'Melia-Horgan, and thereby appointed
plaintiffs as the "exclusive wholesale distributor of
Berghoff beer" in certain designated counties of
central Michigan for a "period of five years." The
contract, which referred to defendant Berghoff Cor-
poration as "Berghoff" and to plaintiffs as "Dis-
tributor," provided, in part:

"Berghoff agrees: *   *   *
"b. During the life of this contract to give to
distributor the exclusive right to wholesale Berghoff
beer within said territory.
"c. To sell beer to no one else in said terri-
tory. *   *   *
"Distributor agrees: *   *   *
"c. To make every reasonable effort to promote
the sale and distribution of Berghoff beer, and to
cooperate with Berghoff for such purpose. *   ·*   *

"f. If this contract shall be terminated as provided by the terms hereof, not to claim or assert any damage or loss arising out of the investment by distributor of money, labor, or otherwise, in the development of distributor's wholesale beer business.   *   *   *

"In the event of the failure or refusal of distributor   *   *   *   to perform any of the agreements herein by distributor agreed to be performed,   *   *   *   then all rights of distributor hereunder shall cease and terminate and Berghoff may, without notice or demand for performance, declare this contract terminated."

In pursuance of such contract plaintiffs acted as exclusive wholesale distributor of Berghoff beer in the specified territory until July 23, 1941, when defendant Berghoff terminated the contract. In its written notice of termination defendant Berghoff stated its reasons for terminating the contract, as follows:

"(1)   You have not complied with the terms of your distributor franchise contract. Under the contract you were to make every reasonable effort to promote the sale and distribution of Berghoff beer and to cooperate with Berghoff for such purpose. We do not feel that we have had this cooperation.

"(2)   We have received letters and reports from retailers in your territory and from our representatives, complaining of the service given by your firm and asking us to make a change in distributor.

"(3)   You have not purchased the minimum amounts set forth in the quota called for under your contract with us. We are very sorry, indeed, to make this change; however, we do not feel that it is to the best interests of this company to do otherwise."

On July 26, 1941, plaintiffs filed bill of complaint against defendants Berghoff corporation and Cen-

tral State Distributing Company. Plaintiffs alleged that they had fully performed their contract with defendant Berghoff until the same was terminated on July 23, 1941; that, relying on such contract, plaintiffs had invested several thousand dollars in equipment, advertising, offices, and warehouses. In their bill plaintiffs denied the violations of the contract set forth in Berghoff's notice of termination and alleged that Berghoff had failed to supply sufficient beer to enable them to carry out the minimum requirements of the contract. Plaintiffs charged that defendant Central State company had conspired with Berghoff Corporation to take over the distribution of Berghoff products in the territory covered by the contract and had induced the Berghoff corporation to terminate the contract and to turn the distribution of its products over to the Central State company; that several days before the termination of the contract, defendant Central State company had contacted plaintiffs' customers, salesmen, and truck drivers and informed them that it was taking over the distribution of Berghoff products in plaintiffs' territory; and that it endeavored to hire plaintiffs' salesmen and truck drivers. Plaintiffs alleged that after the contract was terminated, defendant Central State company took over and continued the distribution of Berghoff products in plaintiffs' exclusive territory and that plaintiffs are unable to obtain Berghoff products from any other source. Plaintiffs alleged further that the actions of defendants had already caused and would in the future cause them great and irreparable loss and damage; that they had no adequate remedy at law and were entitled to have the provisions and "negative covenants in the contract" protected by a court of equity. Plaintiffs asked that defendants be restrained by injunction

from distributing Berghoff products in the territory specified in the contract; that an accounting be ordered to determine plaintiffs' "pecuniary loss;" and that defendants be decreed, jointly and severally, to pay plaintiffs' loss and damages. In their bill plaintiffs also asked that the court order defendant Berghoff corporation "to carry out the terms of its contract" and that the court "enforce the negative covenants of said contract."

Defendants filed separate motions to dismiss plaintiffs' bill of complaint on the grounds that plaintiffs had a complete and adequate remedy at law for damages and that both defendants were financially solvent and able to respond in damages; that from the nature of the contract involved there was no mutuality of remedy; and that plaintiffs were not entitled to the relief prayed for. Defendants also filed separate answers, admitting the execution of the contract in question but generally denying plaintiffs' allegations and their right to the relief sought. Plaintiffs filed reply to the affirmative matters set forth in defendants' answers.

Defendants' motions to dismiss were submitted to the trial court on arguments and briefs. The able opinion of the trial court, the late Honorable Kelly S. Searl, determined that plaintiffs' bill of complaint did not allege facts entitling them to equitable relief. An order was entered granting defendants' motions and dismissing the bill of complaint. Plaintiffs appeal from such order.

The question presented for review is whether or not plaintiffs' bill alleged facts entitling them to equitable relief in a court of chancery. In considering defendants' motions to dismiss the bill, we recognize the rule that all facts well pleaded in the bill must be accepted as true. *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich. 296; *General*

*Motors Corp.* v. *Attorney General,* 294 Mich. 558 (130 A. L. R. 429).

In their bill plaintiffs asked the court to "order the defendant, Berghoff Brewing Company, to carry out the terms of its contract." This was, in effect, a request that the court compel the Berghoff corporation to deliver beer to plaintiffs and otherwise to perform the contract. A court of equity will not enforce such affirmative provisions of the contract. *White Star Refining Co.* v. *Hansen,* 251 Mich. 224; *Harlow* v. *Oregonian Publishing Co.,* 45 Ore. 520 (78 Pac. 737).

In the alternative, plaintiffs asked the court to enforce the negative provisions of the contract; that is, the Berghoff corporation's agreement not to sell its beer to anyone else in the specified territory. This raises the question as to whether a chancery court should enjoin the breach of such negative provisions. In the case of *Hardy* v. *Allegan Circuit Judge,* 147 Mich. 594 (10 L. R. A. [N. S.] 474, 118 Am. St. Rep. 557), relator Hardy had purchased a certain hotel property upon which the Schlitz Brewing Company held a mortgage. The mortgage included a contract provision that "beer of the Schlitz Brewing Company should be exclusively sold, and that during said period (\* \* \* of five years \* \* \*) no other beer shall be sold or handled or in any manner dealt in on said premises." After his purchase of the property plaintiff refused to purchase beer of the Schlitz company. The company began a chancery action and obtained an injunction enjoining the plaintiff from selling other beer on the hotel premises. In granting a writ of mandamus compelling the circuit judge to set aside the injunction, Mr. Justice CARPENTER, writing for the court, said (pp. 595, 596):

"In my judgment the agreement respecting the sale of beer secured by the mortgage is one which equity will not enforce, for the very simple reason that the remedy at law for damages is entirely adequate. All that complainant is entitled to is the profits of which he is deprived by the breach of his contract, and this he can recover in an action at law. * * * If an injunction is issued to prevent a breach of this agreement, I do not know how it can be refused to prevent the breach of all similar agreements. In that case, whenever a business man agreed to sell in his place of business the products of a certain dealer and to refuse to sell any other, the court would enjoin a breach of the last-mentioned agreement. This would, in my judgment, be opposed to both reason and authority."

In *Voigt Brewery Co.* v. *Holtz,* 168 Mich. 352, the plaintiff had leased a saloon premises to defendant for a five-year term, the lease containing a cove-. nant by the defendant to buy from plaintiff brewery company and "from no other person or persons all the beer sold, used or consumed" in the premises. The brewery company filed bill of complaint to enjoin defendant from violating such lease provision. In affirming a decree dismissing such bill of complaint, we said (p. 359):

"This court is not committed to the rule that a court of chancery will interfere by injunction, which must necessarily operate as a decree for specific performance, to enforce contracts to sell a particular brand of beer, where the only purpose is to insure a brewer his profits arising from such sale. To do so would be for the court to undertake the work of supervising, directing, compelling the performance of, in effect governing by injunction, private contracts between parties engaged in the liquor

traffic (a business by sufferance), which contracts might, and often do, extend over a term of years."

In *White Star Refining Co.* v. *Hansen, supra,* plaintiff entered into an agreement with defendant granting him a certain territory and the exclusive right to sell its products therein. Defendant agreed to buy his entire requirements of motor fuel from plaintiff and further agreed not to sell any other brands of motor fuel on his premises. Plaintiff filed bill of complaint to restrain defendant from selling other brands of motor fuel. In reversing an order dismissing such bill, Mr. Justice CLARK said:

"While the court of equity cannot enforce specifically the affirmative provisions of a contract such as this, it may, nevertheless, and it should, in a proper case, prevent a breach of the negative covenant. 2 High on Injunctions (1905), § 1164a. *A proper case for such equitable relief is one where the remedy at law is not adequate.* \* \* \*

"The exceptional cases in which equity will grant injunctive relief are, as has been said, those in which the remedy at law is not adequate, as where the injury cannot be compensated in damages (*White Marble Lime Co.* v. *Consolidated Lumber Co.,* 205 Mich. 634), and as where a judgment for damages would be worthless. 14 R. C. L. p. 396.

"On the facts thus far stated, the trial court, on the authority of the *Hardy Case* (*Hardy* v. *Allegan Circuit Judge,* 147 Mich. 594 [10 L. R. A. (N. S.) 474, 118 Am. St. Rep. 557]), was right in dismissing the bill. But the court seems to have overlooked an allegation of the bill, here to be taken as true, that defendant is financially irresponsible, and that judgment could not be collected.

"The right to recover a worthless judgment is not an adequate remedy at law. *Brown* v. *Ring,* 77 Mich. 159; 32 C. J. p. 64; 14 R. C. L. p. 345. So plaintiff stays in equity on its allegation that a judgment against defendant would be worthless."

See, also, 28 Am. Jur. §§ 83, 98, 101, pp. 277, 290, 293.

In the *White Star Company Case* we recognized the rule that equity will grant injunctive relief *only* where the remedy at law is not adequate. In that case we reversed the order dismissing plaintiff's bill, because the bill alleged that the defendant was financially irresponsible and that "the right to recover a worthless judgment" was not an adequate remedy at law. It should be noted that in the present case plaintiffs did not allege in their bill that defendants, or either of them, were financially irresponsible or that a judgment against them was worthless. Neither did plaintiffs in their reply deny the allegation in defendants' answers that they were financially responsible and able to respond in damages. 3 Searl, Michigan Pleading and Practice (§ 1153, p. 137), states:

"An injunction bill may be filed for the purpose of restraining the defendant from the violation of an agreement to remain out of business, and *in similar cases,* where such agreement is a valid one and where plaintiff shows irreparable injury and *that his remedy at law is inadequate.*"

The record in the present case indicates that plaintiffs had acted as distributor of beer for defendant Berghoff corporation for several years prior to the execution of the written contract of August 30, 1940, and that plaintiffs also handled other brands of beer. To enforce by injunction defendant Berghoff corporation's negative covenants not to sell beer to any other distributor in the specified territory would result in compelling Berghoff corporation either to perform its contract with plaintiffs or to discontinue its business in that territory. Plaintiffs' prayer for an accounting as to its alleged "pecuniary loss," caused by defendant

Berghoff's breach of contract, would not give the chancery court jurisdiction, because such accounting could be had in an action at law as well as in equity. Plaintiffs' bill of complaint alleges breach of contract by defendant Berghoff corporation and also alleges a conspiracy by both defendants. We are satisfied that plaintiffs have a full and adequate remedy at law for such alleged wrongs. See *Wilkinson v. Powe*, 300 Mich. 275.

Plaintiffs cite and rely upon the cases of *White Marble Lime Co. v. Consolidated Lumber Co.*, 205 Mich. 634, and *E. L. Husting Co. v. Coca Cola Co.*, 205 Wis. 356 (237 N. W. 85, 238 N. W. 626, 84 A. L. R. 22). The factual situations presented in these cases clearly distinguish them from the case at hand. In the *White Marble Lime Company Case* the plaintiff had built and operated a large plant or factory in reliance upon defendant's contract to furnish slabs and edgings for fuel purposes. A decree for specific performance of the contract, as modified, was upheld on the ground that plaintiff's remedy at law was inadequate.

We are convinced that the Michigan authorities hereinbefore cited and discussed are determinative of the questions presented on this appeal. As plaintiffs have a full and adequate remedy at law, a court of equity will not enforce the affirmative provisions of the contract of August 30, 1940, by compelling defendant Berghoff corporation to deliver beer to plaintiffs, nor will it by injunction enjoin the breach of the negative provisions of the contract. The bill of complaint was properly dismissed.

The order of the trial court is affirmed. Defendants shall recover costs.

Boyles, C. J., and Chandler, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.