NATIONAL CONCESSIONS, INC., *v.* NATIONAL
CIRCUS CORPORATIONS.

1. CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS—OF-
FICERS—DOING BUSINESS.

Service of process in this State on an officer of a foreign cor-
poration does not suffice to make service on him binding on
the corporation unless it was then doing business in this
State.

2. SAME—DOING BUSINESS.

An allegation in an affidavit by plaintiff's attorney that de-
fendant foreign corporation was present in and doing business
in this State amounts to a conclusion of law and not a
statement of fact from which such conclusion might be drawn
by the court whose business it is to draw the conclusions of
law.

3. SAME—DOING BUSINESS—SERVICE OF PROCESS.

Affidavit by attorney for plaintiff that property of defendant
foreign corporations was present in this State and being used
under the direction of one of their officers or agents *held,*
insufficient to show that the corporations were doing business
in this State, where controverted by affidavit of such officer,
hence, corporations' motion to quash service of process as to
them was properly granted.

4. INJUNCTION—ADEQUACY OF REMEDY AT LAW—BREACH OF NEGATIVE
COVENANTS.

Equity will, in a proper case, enjoin breach of negative cove-
nants, where the remedy at law is not adequate.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur, Foreign Corporations § 505.
[2, 3] 23 Am Jur, Foreign Corporations § 363.
[4] 28 Am Jur, Injunctions §§ 77, 81.
[5] 28 Am Jur, Injunctions § 81.

5. SAME—ADEQUACY OF REMEDY AT LAW—PLEADING—CIRCUS—CON-
CESSIONS—ADVERTISING.

Allegations that defendant circus operator had granted plaintiff
exclusive concession and advertising rights on all premises on
which circus performances were to be given by defendant, that
he was financially irresponsible, that a judgment would be
uncollectible and worthless, stated a cause of action for in-
junctive relief restraining defendant from interfering with
plaintiff's contractual rights.

Appeal from Wayne; Murphy (George B.), J.
Submitted October 4, 1956. (Docket No. 41, Cal-
endar No. 46,937.) Decided December 28, 1956. Re-
hearing denied May 17, 1957.

Bill by National Concessions, Inc., a New York
corporation, against National Circus Corporation
and Monarch Circus Equipment Company, Inc., both
Georgia corporations, and Clyde Beatty for injunc-
tion restraining acts interfering with operation of
its exclusive concessions agreement. Motions to
dismiss granted. Plaintiff appeals. Affirmed as to
corporate defendants. Reversed as to defendant
Beatty and remanded.

*Porritt, Freud, Toppin & Louisell (Joseph W.
Louisell* and *Ivan E. Barris,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants.

DETHMERS, C. J. The 2 corporate defendants are
foreign corporations, not licensed to do business in
Michigan. Defendant Beatty is a nonresident of
Michigan. On February 10, 1956, service of process
out of the Wayne county circuit court was made on
the 3 defendants by personal service in Detroit on
defendant Beatty individually and as an officer of
both corporations. The court granted defendant
corporations' motion to quash service, as to them,
on the grounds that when so served they were not

present doing business in Michigan and that defendant Beatty was not then in this State on business for them. The court also granted Beatty's motion to dismiss, as to him, on the grounds that plaintiff has an adequate remedy at law and that equity will not by mandatory injunction grant specific performance of affirmative covenants of a contract requiring the doing of positive acts, particularly in a foreign jurisdiction.

In support of the corporations' motion to quash, Beatty's affidavit was filed alleging that at the time of service he was not present in Michigan on business connected with the corporations, that the latter are not engaged in circus performances and circus travel during winter months, and that he was not then being employed by them. A counteraffidavit, made by one of plaintiff's attorneys, alleged that Beatty was an officer of the defendant corporations, that the latter were in the circus business and present and doing business in Michigan when service was made, that some of their property and equipment was at that time being utilized and exhibited at a Shrine circus in Michigan under the supervision and control of Beatty and that while he was thus in this State plaintiff's attorney had conversed with him and they had negotiated in an effort to resolve the differences giving rise to this suit.

The fact that Beatty was an officer of the corporations did not suffice to make service on him in Michigan binding on the corporations unless they were then doing business in this State. *Smart* v. *Florida East Coast R. Co.*, 240 Mich 542; *Bachler* v. *Maytag Co.*, 251 Mich 439; *Hershel Radio Co.* v. *Pennsylvania R. Co.*, 334 Mich 148. The allegation in the affidavit of plaintiff's attorney that the corporations were present doing business in Michigan amounted, at best, to a conclusion of law, not a statement of fact from which such conclusion might

be drawn by the court whose business it is to draw the conclusions of law. *Matthews* v. *Montreal Mining Co.*, 183 Mich 541. Allegations of the presence of some of the corporations' property in Michigan and use thereof under the direction of one of their officers or agents in the manner set forth in the affidavit of plaintiff's attorney are insufficient to show that the corporations were doing business in this State. Beatty's affidavit alleged that at that time of the year the corporations did not engage in their business of giving circus performances. *Atkinson* v. *United States Operating Co.*, 129 Minn 232 (152 NW 410, LRA1916E, 241), cited by plaintiff as authority for its contention that Beatty's discussion, as an officer of the corporations, with plaintiff's attorney of the controversy at bar and negotiating with respect thereto amounted to a presence and doing business in the State by the corporations, holds, at most, that, to have that effect, the officer of the corporation must have come into the State for that purpose. Such is not the case here nor is it alleged to be. The motion to quash as to the corporate defendants was properly granted.

Should plaintiff's bill of complaint have been dismissed as to Beatty? It alleged that under the provisions of a contract defendants had given plaintiff exclusive concession and advertising rights on all premises upon which circus performances were to be given by defendants. It prays that defendants be restrained from interfering with plaintiff's exercise of those rights. Defendants say that, in effect, plaintiff seeks specific performance of affirmative covenants in a contract, requiring defendants to do positive acts in another jurisdiction, and that a court of equity will not grant such relief, citing *O'Melia* v. *Berghoff Brewing Corp.*, 304 Mich 471 (145 ALR 679); *Sword* v. *Aird*, 306 Mich 14; *Laker* v. *Soverinsky*, 318 Mich 100; *Gunter* v. *Arlington*

*Mills,* 271 Mass 314 (171 NE 486, 71 ALR 1348). Plaintiff says its prayer is not for enforcement of affirmative covenants, but for restraining breach of negative covenants; that the decree which it seeks would not require defendants to do one single thing, but only prevent them from interfering with plaintiff's exercise of its rights under the contract. With plaintiff's contention in this respect we are in accord. Equity will, in a proper case, enjoin breach of negative covenants where the remedy at law is not adequate. *White Star Refining Co.* v. *Hansen,* 251 Mich 224. See, also, *White Marble Lime Co.* v. *Consolidated Lumber Co.,* 205 Mich 634. In *Shell Petroleum Corporation* v. *Ford,* 255 Mich 105 (83 ALR 1413), plaintiff held a lease on defendant's gasoline station under which it had the right to exclusive sale therein of its products. Defendant cancelled the lease. This Court held that plaintiff had no adequate remedy at law because its damages were impossible of ascertainment for the reason that the quantity of plaintiff's products which it might have sold in the station, if allowed to continue in business there, could not be determined with any degree of accuracy. That reasoning is applicable here with respect to the profits plaintiff might realize in the future from its sales of advertising and the items to be sold at its concessions under the contract were it not breached by defendants. Plaintiff's bill also alleges that defendants are financially irresponsible and that a judgment against them would be uncollectible and worthless. In *White Star Refining Corporation* v. *Hansen, supra,* we held that such allegation, if proved, would entitle plaintiff to equitable relief, inasmuch as the right to recover a worthless judgment is not an adequate remedy at law. Defendants contend that plaintiff's bill does not sufficiently set forth the fact and nature of plaintiff's interest in the contract, the violation or threat-

ened breach thereof by defendants, and plaintiff's right to redress. We think that it does.

The order of the trial court is affirmed in quashing service as to the corporate defendants, and reversed in dismissing the bill of complaint as to defendant Beatty, and the cause is remanded for further proceedings against him. Costs to plaintiff against defendant Beatty and to defendant corporations against plaintiff.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.