CLEVELAND COOPERAGE CO. *v.* DETROIT MILLING CO.

1. APPEAL AND ERROR — WHETHER JUDGMENT AGAINST GREAT WEIGHT OF EVIDENCE NOT OPEN TO REVIEW IN ABSENCE OF MOTION FOR NEW TRIAL.

Whether the judgment for plaintiff is against the great weight of the evidence is not before the Supreme Court, where no motion was made for a new trial in the court below, and the question is not argued in the brief of defendant's counsel.[1]

2. APPEARANCE—PARTY BY ENTERING GENERAL APPEARANCE AND PLEADING TO MERITS WAIVES JURISDICTION AS TO PARTIES.

Where defendant, in an action brought by a foreign corporation in a county in which defendant had a plant, entered a general appearance and pleaded to the merits,

[1]Appeal and Error, 3 C. J. § 908.

it thereby waived any objection to jurisdiction as to parties, and therefore may not raise the question of venue in the Supreme Court.[2]

3. CORPORATIONS — FOREIGN CORPORATIONS—INTERSTATE COMMERCE NOT SUBJECT TO STATE LAW.

While a foreign corporation not authorized to do business in this State may not recover on purely domestic contracts made and executed by it in violation of State law, it may recover for goods bought of it and delivered in this State in interstate commerce transactions.[3]

4. SAME—SALE DIRECT TO BUYER THROUGH SALES REPRESENTATIVE INTERSTATE COMMERCE.

Where a domestic corporation acted purely as a sales representative or broker of a foreign corporation, sending an order to it to its place of residence out of the State, where it acted upon and accepted it, then invoiced, charged and shipped the goods direct to the buyer, there was nothing in said relations which detracted from said transaction being an interstate shipment.[4]

Error to Lenawee; Hart (Burton L.), J.    Submitted October 14, 1925.    (Docket No. 74.)    Decided June 7, 1926.

Assumpsit by the Cleveland Cooperage Company against the Detroit Milling Company for goods sold and delivered    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Barbour & Martin* and *James H. Baker*, for appellant.

*Baldwin & Alexander*, for appellee.

STEERE, J.    Plaintiff, a foreign corporation, commenced this action by attachment proceedings in the circuit court of Lenawee county against defendant, a domestic corporation, to recover from it the amount claimed due on a consignment of barrels, alleged in

[2]Appearances, 4 C. J. §§ 42, 53; [3]Corporations, 14a C. J. §§ 3955, 4004; [4]Id., 14a C. J. § 3956.

plaintiff's declaration to have been sold and delivered
to defendant on May 25, 1923, the property being
described as, "174 55-57 gallon white oak barrels, 6-
hoop, paraffined, at $3.90 each."   The case was heard
by the court without a jury, resulting in a judgment
in favor of plaintiff for the amount claimed, with
interest.   The court's concise findings of fact and con-
clusion of law thereon are as follows:

(Title of court and cause.)   "The court finds that
on May 25, 1923, the plaintiff shipped direct to the
defendant one car of barrels.   This car of barrels was
ordered from the plaintiff by defendant through the
Michigan Cooperage Company of Detroit.   The plain-
tiff is a foreign corporation and not domesticated in
Michigan, and it was under the same status at the time
of this order.   Defendant is a Michigan corporation.
The defendant used the barrels, and the price of the
same was $641.40.   The interest on the same to March
4, 1925, the date of the trial, was $56.08, making a
total of $697.48.

"The contention is made that plaintiff could not re-
cover this claim in this suit because it was engaged
in intrastate commerce without being licensed to do
business in Michigan.   I do not find this contention
sustained by the evidence.   See *York Manfg. Co.* v.
*Colley,* 247 U. S. 21 (38 Sup. Ct. 430).

"I think judgment may pass in favor of the plain-
tiff and against the defendant for the sum of $697.48,
with costs to be taxed."

Defendant removed the case to this court by assign-
ments of error, claiming, in brief, that the judgment
was against the clear weight of evidence and the court,
not including in its findings all essential facts, erred
in sustaining the venue and holding plaintiff was en-
gaged in interstate commerce.

The claim that the judgment is against the great
weight of evidence was apparently abandoned.   No
motion was made for a new trial in the court below,
the assignment is not argued in the brief of defend-

ant's counsel and the question is therefore not before this court.

Defendant's two argued contentions are recapitulated as follows:

"1. That plaintiff is an admitted as well as a proven foreign corporation and not authorized to do business in Michigan and was engaged in domestic or intrastate business at the time of entering into the contract with defendant.

"2. That suit was begun by plaintiff, a foreign corporation, against defendant, a domestic corporation, in the wrong county.    The suit should have been begun in Wayne county, the home of defendant."

We fail to find in the record that the claim of wrong venue was raised or even brought to the attention of the court during the trial.    The first mention of it we discover is in defendant's exceptions to the court's findings.    No amendments to the findings are shown to have been proposed, nor any ruling asked of or made by the trial court on that objection upon which error can be predicated.    It was shown defendant had a plant at Adrian and was doing business in that county.    This is a transitory action in assumpsit. Defendant entered a general appearance in the case and pleaded to the merits, thereby waiving any objection to jurisdiction as to parties.

Defendant's contention is based on the fact, disclosed by the evidence, that the order for this car load of barrels was first received from it by the Michigan Cooperage Company, a Michigan corporation, with its plant and office in Detroit, through which, as its sales representative, plaintiff had sold quantities of its product in this State.    While a foreign corporation not authorized to do business in this State cannot recover on purely domestic contracts made and executed by it in violation of our State law, it can recover for goods bought of it and delivered in this State in interstate commerce transactions.    It is not shown

or claimed that plaintiff maintained any office, warehouse or place of business, or kept any supply of its output on hand anywhere in this State.   It sold its product in Michigan only on orders for goods to be shipped from Cleveland.   The Michigan Cooperage Company's relations with it in obtaining such orders were purely that of a sales representative or broker. When it received this order from defendant it simply sent it to plaintiff at Cleveland, where plaintiff acted upon and accepted it, then invoiced, charged and shipped the car load of barrels direct to defendant, which received and kept the consignment.   We find nothing in the relations between plaintiff and the Michigan Cooperage Company which detracts from this being clearly an interstate shipment under abundant authority, both Federal and State.

In the closely analogous case on that question of *Rath Packing Co.* v. *Cold Storage Co.,* 222 Mich. 315, Justice FELLOWS so recently and fully reviewed the subject with reference to sustaining citations that we find no occasion to discuss it here.   See, also, the yet more recent case of *Westerlin & Campbell Co.* v. *Milling Co.,* 233 Mich. 384.   Those cases are controlling in principle here.

The judgment is affirmed.

BIRD, C. J., and SHARPE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.