### CHELI v. CUDAHY BROTHERS CO.

CORPORATIONS—FOREIGN CORPORATIONS—PROCESS—SERVICE ON REPRESENTATIVE—STATUTES.

> Where employee of foreign corporation, in addition to soliciting orders, performed other services, such as adjusting claims, filling orders by securing goods from other purchasers, and keeping some goods of company in stock at his home for immediate delivery, he was representative of company in this State, so that service on him was service on company (Act No. 177, Pub. Acts 1931).

Appeal from Dickinson; Bell (Frank A.), J. Submitted October 18, 1932. (Calendar No. 36,666.) Decided December 6, 1932.

On who is managing agent of foreign corporation for purpose of service of process, see annotation in 23 L. R. A. 496; 4 L. R. A. (N. S.) 460.

Case by Alphonse Cheli, administrator of the estate of Palmina Cheli, deceased, against the Cudahy Brothers Company, a Wisconsin corporation, and another for death of plaintiff's decedent, alleged to have been caused by sale of diseased meat. From order denying motion to dismiss as to defendant corporation, it appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*Ray E. MacAllister,* for defendant company.

SHARPE, J. The defendant Cudahy Brothers Company is a Wisconsin corporation, not authorized to do business in this State. The defendant Schinderle is a grocer and meat dealer in the city of Iron Mountain. The declaration alleged that defendant Schinderle sold plaintiff's intestate some diseased pork butts, from the eating of which she died on February 21, 1931, and that said meat was sold to Schinderle by the defendant corporation.

Service on the corporation was made by serving a copy of the declaration on Elmer Oman, one of its employees. It appeared specially, and filed a motion to dismiss for lack of proper service. From an order denying such motion, it has, by leave of this court, appealed.

Section 14094, 3 Comp. Laws 1929, as amended by Act No. 177, Pub. Acts 1931, reads, in part, as follows:

"In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this State, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section."

In support of its motion to dismiss, the corporation filed an affidavit of George A. Billings, its vice-president, who deposed that Oman was an employee of the company to solicit and procure orders for the sale of its products; that all such orders were forwarded to the company and subject to acceptance or rejection by its officers; that the products so ordered, if accepted by it, were shipped in interstate commerce to Iron Mountain and consigned to the purchaser, and collections therefor made by Oman, and that Oman had no authority to make contracts or act for it except as above stated.

An affidavit of Oman was also filed, corroborating the statements made by Mr. Billings as to his employment and authority.

The plaintiff filed affidavits of Peter Tomassoni and Joseph Crispigna in opposition thereto. Tomassoni deposed that Oman took orders from him; that he received the bills therefor from the corporation; that collections were at times made by Oman, and, when disputes arose, the differences were adjusted by him and ratified by the company; that Oman kept supplies belonging to the company at his home, and "has delivered said supplies to deponent when deponent ran short between orders;" that "said Oman has secured supplies from other bakers and delivered to deponent between orders; that deponent has been billed for said supplies by said company." The affidavit of Crispigna was, in some respects, of similar import.

Had Oman been merely an agent soliciting business for the defendant in this State, a different question would be presented. But, as stated in the affidavits of Tomassoni and Crispigna, he performed services other than as a solicitor. He adjusted claims, filled orders by securing the goods from

other purchasers, and kept some of the goods of the company in stock at his home for immediate delivery. Clearly, he was a representative of the company in this State, and service upon him was service upon the company. *Genack* v. *Gorman,* 224 Mich. 79; *A. Harvey's Sons Manfg. Co.* v. *Sterling Materials Co.,* 247 Mich. 317.

The order denying the motion to dismiss is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.