MOLINE FURNITURE WORKS *v.* CLUB HOLDING CO.

1. CORPORATIONS — INTERSTATE COMMERCE — CONTRACTS — INSTALLA-
TION OF SPECIALLY DESIGNED AND FABRICATED WOODWORK.

In action for breach of Illinois contract calling for plan, design, furnishing of blueprints, fabrication, manufacture, shipment and installation of special woodwork for defendant corporation in building to be erected in this State by plaintiff, an Illinois corporation, evidence *held,* to show that the installation by skilled workmen from plaintiff's Illinois factory was a relevant and essential incident and contract as a whole within protection of interstate commerce, hence plaintiff corporation need not be licensed to do business in this State.

2. CONTRACTS—BREACH OF EXECUTORY CONTRACT—MEASURE OF DAM-
AGES.

Measure of damages for breach of contract to manufacture and install special woodwork resulting from defendant's order to stop work thereunder is the expense of plaintiff toward performance, less salvage value of materials, specially procured for the job, on hand and loss of profits fairly within contemplation of the parties when entering into the contract and proved with reasonable certainty.

3. SAME—DAMAGES—EVIDENCE.

Judgment of $9,286.70 to cover expense toward performance of contract to manufacture and install special woodwork, less salvage value of materials, and inclusive of loss of profits *held,* sustained by record.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 29, 1937. (Docket No. 160, Calendar No. 38,843.) Decided June 29, 1937.

Action by Moline Furniture Works, an Illinois corporation, against Club Holding Company, a Michigan corporation, for damages for breach of a construction contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Alfred Lindbloom,* for plaintiff.

*Monaghan, Crowley, Clark & Kellogg* (*E. T. Kelley,* of counsel), for defendant.

Wiest, J.    Plaintiff, an Illinois corporation, under an Illinois contract, agreed to plan, design, furnish blueprints, fabricate, manufacture, ship and install special woodwork for defendant corporation, under its former name of W. E. Wood Company, in a building to be erected in Michigan, at the price of $125,161. Before complete fabrication and any shipment defendant notified plaintiff to delay performance and later to cease work under the contract.    Thereupon plaintiff brought this suit to recover damages for such breach of the contract and, upon trial before the court without a jury, had judgment.

Upon review defendant presents two questions:

"1.    Was the work of installing the woodwork called for by the contract in this case of such a nature that it was a necessary part of an interstate transaction?

"2.    Are the damages awarded sustained by the evidence?"

The contract called for a finished result of highly technical work, with a one-year guarantee, and it fairly appears that, without installation by skilled workmen from plaintiff's factory, the contract would not have been made.    The fabricated woodwork was to be of a special and intricate design and to be wholly manufactured at the factory in Illinois.    The installation of such specially designed woodwork was a relevant and essential incident, and the contract, as a whole, was within the protection of interstate commerce.

Under the evidence the case at bar, upon this question, is ruled by the holdings in *York Manfg. Co.* v.

*Colley,* 247 U. S. 21 (38 Sup. Ct. 430, 11 A. L. R. 611); *Westerlin & Campbell Co.* v. *Detroit Milling Co.,* 233 Mich. 384; *Whitehead & Kales Co.* v. *Taan,* 233 Mich. 597; *Richards-Wilcox Manfg. Co.* v. *Talbot & Meier,* 252 Mich. 622.

Defendant ordered the work under the contract stopped and must pay, as damages, the expense of plaintiff toward performance, less the salvage value of materials, specially procured for the job, on hand and loss of profits, if fairly within the contemplation of the parties when entering into the contract, if proved with reasonable certainty and removed from the realm of mere speculation and doubtful contingencies. *Davey* v. *Sanders,* 253 Mich. 137; *United States* v. *Behan,* 110 U. S. 338 (4 Sup. Ct. 81).

The circuit judge awarded plaintiff the following items:

"(1) Labor including machine and operation for the fabrication of doors and panels..$742.85

"(2) Service of draftsmen for preparing detailed plans including railroad fare for Mr. Dexter to Detroit..$2,000

"(3) Cost of blue printing plans..$216.01

"(4) Expenses of two trips by Otto Hansen to Detroit..$113.50

"(5) Materials and supplies purchased by plaintiff less value of materials on hand..$774.75

"(6) Cost of cut lumber and panels less salvage value..$439.59," and

(7) For loss of profits $5,000; making a total of $9,286.70.

The record has been examined and found to support the awards, inclusive of loss of profits.

Affirmed, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.