## HELLMAN v. LADD.

1. CORPORATIONS—SERVICE OF PROCESS ON FOREIGN CORPORATION—DOING BUSINESS. -

   No exact test can be prescribed for determining whether or not a foreign corporation is doing business within the State so as to subject it to service of process and each case must stand on its own facts.

2. SAME—PRESENCE OF FOREIGN CORPORATION'S AGENT—DOING BUSINESS.

   The mere presence of an agent of a foreign corporation in the State is not alone sufficient to constitute corporate presence so as to subject it to service of process, unless the corporation is doing business within the State.

3. SAME—JURISDICTION—FOREIGN CORPORATION—DOING BUSINESS—SERVICE OF PROCESS.

   Jurisdiction over a foreign corporation is usually entertained when the cause of action against the corporation occurs within the State and it appears that the corporation is carrying on a business therein at the time of service of process upon it.

4. SAME—DOING BUSINESS BY A FOREIGN CORPORATION.

   It is not required that a foreign corporation maintain an office or warehouse or keep a stock of goods in the State to constitute doing business therein although not every business activity by a foreign corporation in the State of suit will justify conclusion that it is doing business therein so as to render it subject to suit.

5. SAME—FOREIGN CORPORATION—DOING BUSINESS.

   The mere fact that a foreign corporation made sales in this State, collected commissions thereon, sent its employees here to assist in the war effort of a domestic corporation, and actually employed officers of such domestic corporation to render certain technical assistance to foreign corporation's sales division does not constitute doing business in this State so as to subject the foreign corporation to service of process herein.

6. SAME—FOREIGN CORPORATION—DOING BUSINESS—EVIDENCE.

In suit to cancel sale of domestic corporation's stock, record on appeal from order quashing service of process upon foreign corporation *held*, to show such foreign corporation was not doing business within the State, the activities of its officers and employees herein being, at most, incidental to the main purposes of its corporate existence.

7. SAME—WHEN FOREIGN CORPORATION AMENABLE TO PROCESS.

A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the inference that it is present there.

8. APPEAL AND ERROR—MODIFICATION OF ORDER QUASHING SERVICE OF PROCESS AND DISMISSING BILL AS TO FOREIGN CORPORATION.

Where sufficiency of bill as to defendant foreign corporation was not questioned and motion to dismiss was directed solely to quashal of service because corporation was not amenable to service in this State, order quashing service of process and dismissing bill as to it was too broad and required modification eliminating dismissal of bill as to such corporation.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted April 10, 1946. (Docket No. 31, Calendar No. 43,267.) Decided June 6, 1946.

Bill by Emma Hellman, individually and as administratrix of the estate of Ernest R. Hellman, deceased, against Sam A. Ladd and others for cancellation of sale of treasury stock. Service on Winkenweder & Ladd, Inc., an Illinois corporation, quashed. Plaintiff appeals. Modified and affirmed.

*Anthony Nelson,* for plaintiff.

*Hill, Hamblen, Essery & Lewis* (*Thomas H. Adams,* of counsel), for defendant Winkenweder & Ladd, Inc.

BUSHNELL, J. This is an appeal from an order quashing and setting aside service of process and

dismissing a bill of complaint as to defendant Winkenweder & Ladd, Inc., an Illinois corporation.

Defendant Superior Piston Ring Company, a Michigan corporation organized in 1920, manufactures piston rings. In 1938 it entered into a sales contract with Winkenweder & Ladd, Inc. In this contract, Winkenweder was granted the exclusive right to sell the entire output of Superior on a commission basis. Following the outbreak of the war, practically all of Superior's output was sold by Winkenweder to the Studebaker Corporation. Changes in Superior's manufacturing policy became necessary, and this required different and special machinery.

The bill of complaint in this cause was filed for the purpose of securing cancellation of the sale of Superior's treasury stock, and for other relief. Service of summons was had upon defendants Olson, Ladd and Winkenweder individually, who are stockholders of Superior. The alleged service upon Winkenweder & Ladd, Inc., was made by service upon Ladd, under the claim that he was its resident agent in Michigan. This service was made while Ladd was in Detroit attending an adjourned annual stockholders' meeting of Superior. No question is raised as to the sufficiency of the service upon Olson, Winkenweder and Ladd as individuals.

Plaintiff relies upon certain activities of Winkenweder & Ladd, Inc., which she contends are sufficient to make it amenable to process in Michigan.

She argues, because of the exclusive sales contract and the overriding commissions received by Winkenweder on sales in Michigan, that Winkenweder & Ladd, Inc., was and is doing business in this State. She also contends that visits by Winkenweder's employee to Detroit for the purpose of assisting in obtaining an "E" flag or emblem from

the United States government, in recognition of Superior's services in producing war materials, is an indicia of doing business in Michigan. Further, that arrangements between Winkenweder and Superior to pay for the technical service of Superior's officers and employees in connection with the sale of piston rings under Winkenweder's exclusive sales contract is likewise proof of doing business here. Also, that continual visits by Winkenweder's salesman to Detroit for the purpose of increasing and improving production, sales, and obtaining equipment therefor, and Winkenweder's investigations of complaints regarding quality of goods sold, all go to make up an actual case of doing business within this State.

The determination of the question of whether a foreign corporation is doing business within this State so as to subject it to service of process is a matter of difficulty and nicety. There is no all-embracing rule. No exact test can be prescribed, and each case must stand on its own facts. *Watson-Higgins Milling Co.* v. *St. Paul Milling Co.*, 256 Mich. 258. The mere presence of an agent of a foreign corporation in this State is not alone sufficient to constitute corporate presence, unless the corporation is doing business here. *Bachler* v. *Maytag Co.*, 251 Mich. 439. Jurisdiction is usually entertained when the cause of action against the corporation occurs within the State and when it appears that the corporation is carrying on a business therein at the time of service of process upon it. *Malooly* v. *York Heating & Ventilating Corp.*, 270 Mich. 241, 249. It is not required that a foreign corporation maintain an office, warehouse, or keep a stock of goods in this State, to constitute doing business herein. *A. Harvey's Sons Manfg. Co.* v. *Sterling Materials Co.*, 247 Mich. 317. However,

"not every business activity by a foreign corporation in the State of suit will justify the conclusion that it is doing business therein so as to render it subject to suit." 20 C. J. p. 153.

The mere fact that Winkenweder made sales in Michigan, collected commissions thereon, sent its employees here to assist in the war efforts of Superior, and actually employed officers of Superior to render certain technical assistance to its sales division, does not constitute doing business in this State so as to subject Winkenweder to service of process herein. See the distinctions pointed out in *Cheli* v. *Cudahy Bros. Co.*, 260 Mich. 496, and in *Malooly* v. *York Heating & Ventilating Corp., supra.*

The trial judge in his opinion stated:

"There is a total lack of testimony showing that this corporation was doing business within the State. In fact, the testimony is all to the contrary, and conclusively shows that the corporation was not doing business within the State for three years prior to April 10, 1945."

The record is clear that Winkenweder & Ladd, Inc., did not carry on activities in Michigan sufficient to justify the conclusion that it was doing business within this State. The activities of Winkenweder's officers and employees in Michigan were, at most, incidental to the main purposes of its corporate existence.

As said in *Philadelphia & Reading R. Co.* v. *McKibbin*, 243 U. S. 264 (37 Sup. Ct. 280, 61 L. Ed. 710), and quoted in *Watson-Higgins Milling Co.* v. *St. Paul Milling Co., supra:*

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State

in such manner and to such extent as to warrant the inference that it is present there.''

The order of the circuit court not only quashed service of process that had been made on defendant Winkenweder & Ladd, Inc., but it also dismissed the bill of complaint as to that corporation. The sufficiency of the bill was not questioned, and the corporation's motion to dismiss was directed solely to the proposition that it was not amenable to service in this State.

The order entered is too broad and should be modified by limiting its language to the questions raised in the motion.

The order is modified and affirmed, with costs to appellee. A modified decree will be entered in this court and the case remanded.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.