Rosa Lee **SINGLETON**, Special Administratrix of the Estate of Milton Singleton, Deceased, Plaintiff,

v.

The **ATLANTIC COAST LINE RAILROAD COMPANY**, Defendant.

No. 15913.

United States District Court
E. D. Michigan, S. D.
Nov. 30, 1956.

**16**

Marcus, Kelman, Loria, McCroskey & Finucan, Detroit, Mich., for plaintiff.

Dyer, Meek, Ruegsegger & Bullard, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a motion brought by the defendant, The Atlantic Coast Line Railroad Company, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. to quash service of process and dismiss the present action which arises out of a railroad crossing accident in Sumter, South Carolina, involving the plaintiff's decedent and one of defendant's railroad trains.

The plaintiff, a citizen of the State of Michigan, attempted to obtain service upon the defendant in this district by serving a copy of the summons and complaint upon Miss Mary McEvoy, a clerk employed by the defendant in its Detroit office.

The defendant appears specially and moves to quash the service and to dismiss the action on the ground that the defendant is not doing business in the State of Michigan so as to subject it to service of process therein. The affidavits of J. M. Fields, a vice-president of the defendant, and Arthur L. Wolfe, defendant's general agent in Michigan, which were filed in support of this motion, indicate that the defendant is a Virginia corporation with its general offices in Wilmington, North Carolina; that the defendant operates a railroad in the States of Virginia, North Carolina, South Carolina, Georgia, Florida and Alabama; that the defendant has no track and operates no part of its railroad in Michigan that it maintains an office in Detroit, Michigan, for the purpose of soliciting interstate business; that, at the time of service of summons, the defendant employed three persons in the State of Mich-

igan, to wit, A. L. Wolfe, general agent; L. P. King, traveling freight agent, and Mary I. McEvoy, chief clerk; that the above-mentioned employees have no authority to make and do not make contracts of any character, collect or handle moneys or sell railroad tickets on behalf of defendant, but they do solicit freight and handle correspondence relating thereto; and that the defendant has never applied to do business within the State of Michigan, has never been admitted to do business therein and has never appointed an agent for the service of process therein or authorized anyone to accept service of process therein on its behalf.

Upon the hearing of this motion, the defendant contended that the courts of the State of Michigan have refused to assume jurisdiction over foreign corporations whose activities within the state were similar to those of the defendant on the ground that such a foreign corporation is not doing business within the State of Michigan so as to render it amenable to service of process in Michigan. In support of this contention, the defendant cites Hershel Radio Co. v. Pennsylvania R. Co., 334 Mich. 148, 54 N.W.2d 286.

In reply, plaintiff contends that the law of the state is not applicable because this is a question concerning the jurisdiction of a federal court and cites Lasky v. Norfolk & W. R. Co., 6 Cir., 157 F.2d 674; Bach v. Friden Calculating Machine Co., 6 Cir., 167 F.2d 679; French v. Gibbs, 2 Cir., 189 F.2d 787; Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 175 F. 2d 900; and Moore v. Atlantic Coast Line R. Co., D.C.E.D.Pa., 98 F.Supp. 375, in support of her position.

The issue before the court is whether a federal district court in determining the sufficiency of service of process upon a foreign corporation in a diversity action is bound by the law of the state in which the court is sitting or by general federal law.

Rule 4(d) of the Federal Rules of Civil Procedure, insofar as pertinent, provides:

"Service shall be made as follows:

\* \* \* \* \* \*

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

\* \* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The language of Rule 4(d) is plain and unambiguous. Subsections (3) and (7) thereof set forth how service of process is to be made on a foreign corporation which is subject to service, but it does not state the criteria which determines whether a foreign corporation is subject to service. Resort must then be had to applicable law, state or federal, to determine whether a foreign corporation is subject to service of process.

It seems clear that, where a federally-created right is being asserted in a federal court, federal law governs whether a foreign corporation is doing business within the district in which that federal court is sitting. Moore v. Atlantic Coast Line R. Co., D.C.E.D.Pa., 98 F.Supp. 375.

But, when a state-created right is being asserted in a federal court which has obtained jurisdiction by virtue of diversity of citizenship of the parties, there is some conflict among the courts as to whether state or federal law governs in determining whether a foreign corporation is doing business in the state in which the federal court is sitting so as to render the corporation subject or amenable to service of process therein.

■ In considering this question, federal courts must recognize that:

"* * * since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State." Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079.

Mr. Justice Frankfurter, in delivering the opinion of the court in the Guaranty Trust Co. case, supra, further stated that:

"Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."

It is further established that:

"The essence of diversity jurisdiction is that a federal court enforces State law and State policy." Angel v. Bullington, 330 U.S. 183, 191, 67 S.Ct. 657, 662, 91 L.Ed. 832.

■ This court, in light of the above-cited authorities, is of the opinion that state law governs whether a foreign corporation is subject to service in a diversity action.

In reaching this opinion, the court has considered the cases cited by the plaintiff, both in oral argument and in the brief.

The Sixth Circuit Court of Appeals in Lasky v. Norfolk & W. R. Co., 157 F.2d 674, reversed the judgment of the district court which had vacated the summons and dismissed the cause. In the Lasky case, the Norfolk & W. R. Co., hereinafter called Norfolk, operated part of its lines in the State of Ohio. Norfolk, however, did not operate any part of its line in the Northern District of Ohio where service was made upon the district manager of Norfolk's coal bureau. Norfolk limited its activity in the Northern District to that of mere solicitation of interstate business. One thing is apparent: Norfolk was doing business in the State of Ohio as it operates part of its line in the Southern District of Ohio. The court properly pointed out that under Rule 4(f), F.R.C.P., service may be made anywhere within the territorial limits of the state in which the federal district court is situated. Since Norfolk was doing business in Ohio, the real question before the court was whether Norfolk was subject to suit in the Northern District of Ohio where service was made. This is primarily a question of venue because under the federal venue statutes, Title 28, § 1391, a foreign corporation can only be sued in a judicial district in which it is either licensed to do business or is doing business. Sulli-

van v. Kilgore Mfg. Co., D.C.E.D.N.Y., 100 F.Supp. 983. In determining whether Norfolk was doing business in the Northern District of Ohio for venue purposes, the court properly applied federal law. Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

Under the particular facts presented in Bach v. Friden Calculating Machine Co., 6 Cir., 167 F.2d 679, the court, in effect, applied state law and found that service of process in accordance with the Ohio statute, as liberally construed by the courts of that state, did not offend the due process clause of the federal Constitution. In determining whether there was a violation of the due process clause, the court applied the test set forth in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, which in effect provides that a foreign corporation must be sufficiently present within the forum so that the maintenance of a suit would not offend traditional motions of fair play and substantial justice.

The question presented in French v. Gibbs Corp., 2 Cir., 189 F.2d 787, is quite different than the question before this court. In that case, the court was concerned with the question of whether service upon a foreign corporation which reduced its activities within the state so that taken alone such activities would not support a finding that the corporation was present, was in violation of the due process clause of the federal Constitution.

The second Circuit Court of Appeals in Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 175 F.2d 900, 903, was primarily concerned with the question of whether activities of a subsidiary corporation in a state subject the parent corporation to the jurisdiction of the state. Some mention is made of "doing business." The court quoted Mr. Justice Rutledge as speaking of " 'the practical, nontechnical, business standard' " in United States v. Scophony Corp., 333 U.S. 795, 810, 68 S.Ct. 855, 863, 92 L.Ed. 1091. In so speaking, Mr. Justice Rutledge was concerned with proper venue over Scophony and he so stated. See the Scophony case, 333 U.S. at page 810, 68 S.Ct. at page 863, where Mr. Justice Rutledge states:

"But there can be no question of the existence of 'jurisdiction,' in the sense of venue under § 12 [15 U.S.C.A. § 22], over Scophony in the Southern District of New York. To say that on the facts presented Scophony transacted no business 'of any substantial character' there during the period covered by institution of the suit and the times of serving process would be to disregard the practical, nontechnical, business standard supplied by 'or transacts business' in the venue provision."

The case of Moore v. Atlantic Coast Line R. Co., D.C.E.D.Pa., 98 F.Supp. 375, is not a diversity case. The complaint stated a federal cause of action under the Interstate Commerce Act.

In distinguishing French v. Gibbs Corporation, supra, this court was careful to make the distinction between the question of whether a foreign corporation is subject to service and the question of whether such service is in violation of the due process clause of the federal Constitution.

This distinction is noted by Judge Goodrich in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194 wherein he states:

"There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise ju-

risdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend. 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

Judge Goodrich further clarifies this distinction in Partin v. Michaels Art Bronze Co., 3 Cir., 202 F.2d 541, 542, by stating:

"* * * the first question which comes up in a case like the one at issue is whether the State, here Pennsylvania, has through legislation *plus the judicial application thereof*, asserted jurisdiction over the defendant." [Emphasis added.]

■ Therefore, to determine whether defendant Atlantic Coast Line R. Co. is subject to service, this court must refer to the laws of the State of Michigan.

The Michigan legislature has enacted legislation providing for service upon foreign corporations, § 27.761, M.S.A., Comp.Laws 1948, § 613.31, which, insofar as pertinent, provides:

"In all cases where suit is brought against a foreign corporation, process may be served upon *any* officer or agent of such corporation within this state, and *any* person representing such corporation in *any* capacity, shall be deemed an agent within the meaning of this section." [Emphasis added.]

Though the language of the legislature appears to be rather broad, the Michigan Supreme Court has refused to permit courts of the state to assume jurisdiction over foreign railroad corporations which merely solicit interstate business in Michigan, but do not own track or conduct other activities therein. Hershel

Radio Co. v. Pennsylvania R. Co., 334 Mich. 148, 54 N.W.2d 286.

The defendant in the present action is a foreign railroad corporation, owning no track in Michigan and conducting no activities in Michigan other than the solicitation of interstate business. This court is therefore of the opinion that the Hershel Radio Co. case, supra, is controlling and that the defendant's motion to quash service of process and dismiss the cause should be granted. An appropriate order may be presented.