Assunta DOLCE, Plaintiff,

v.

ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Kansas corporation, and Youngstown Sheet & Tube Company, an Ohio Corporation, Defendants.

No. 18127.

United States District Court
E. D. Michigan, S. D.

Feb. 5, 1959.

Charles A. Swaby, Wyandotte, Mich., Robert A. Sanregret, Wyandotte, Mich., of counsel, for plaintiff.

Miller, Canfield, Paddock & Stone, Detroit, Mich., for defendant Atchison, Topeka & Santa Fe Ry. Co.

William P. Cooney, Ward, Plunkett & Cooney, Detroit, Mich., for defendant Youngstown Sheet & Tube Co.

FREEMAN, District Judge.

This is a motion to quash service of process on defendant Youngstown Sheet & Tube Company, an Ohio corporation. The complaint filed in this cause alleges that Youngstown Sheet & Tube Company negligently loaded metal beams on a railroad car and the beams fell from the car on the tracks of the Atchison, Topeka & Santa Fe Railway Company, causing the Santa Fe Chief, a passenger train, in which plaintiff was a paid passenger, to derail near Carrolton, Missouri, on July 22, 1956, with resultant injuries to plaintiff.

Suit was filed in this district, the residence of the plaintiff, against Youngstown Sheet & Tube Company and the Atchison, Topeka & Santa Fe Railway Company. The return of service indicates that service of process was made on "Youngstown Sheet & Tube Co. on 6–25–58 at Detroit, Mich., by handing a copy of this Writ to David Goodfellow, their Agent who is authorized to accept service." Youngstown Sheet & Tube Company now moves to quash service of process on the ground that Goodfellow is not an agent of and is not employed by Youngstown Sheet & Tube Company, but is employed by Youngstown Steel Products Company, a Michigan corporation. Oral arguments have been heard and briefs and affidavits have been filed by both parties.

The affidavits disclose the following facts: Youngstown Sheet & Tube Company is not authorized to and does not carry on any business within this jurisdiction through its own employees. David Goodfellow is employed by Youngstown Steel Products Company, a Michigan corporation, wholly owned by Youngstown Sheet & Tube Company. Youngstown Steel Products Company has solicited orders in Michigan on behalf of Youngstown Sheet & Tube Company, but all orders shown to have been solicited were referred to the parent corporation in Ohio for acceptance. Youngstown Sheet & Tube Company is listed in the Detroit telephone directory and its phone number is identical with that of Youngstown Steel Products Company. Youngstown Steel Products Company has offices in Detroit with the following sign on the door: "Youngstown Steel Products Company, representing Youngstown Sheet and Tube Company." Correspondence from Youngstown Steel Products to prospective customers is shown to have been on the letterhead of Youngstown Sheet & Tube Company, on two occasions, and David H. Goodfellow is listed on these letterheads as "District Sales Manager." There is no showing in the affidavits of any activities of employees of Youngstown Steel Products Company other than the soliciting of orders for Youngstown Sheet & Tube Company, subject to acceptance in Ohio, and there is no showing of the extent of this solicitation.

This motion to quash service of process is predicated on Youngstown Sheet & Tube Company's contention that service of process has not been made on any agent of that company, and its contention that service on an employee of its wholly owned subsidiary is not valid service under the laws of Michigan. Plaintiff contends that it served an agent of Youngstown Steel Products Company, that Youngstown Steel Products Company is a corporate agent of Youngstown Sheet & Tube Company, and is present in, and doing business in, Michigan, and therefore service of process on this corporate agent constitutes valid service of process on the parent corporation, under Michigan law.

Rule 4(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., insofar as pertinent, provides:

"  *   *   *. Service shall be made as follows:

*       *       *       *       *       *

"(3) Upon a domestic or foreign corporation  *   *   * which is subject to suit  *   *   *, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process  *   *   *.

*       *       *       *       *       *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by  *   *   * the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 27.761, M.S.A., Comp.Laws Mich.1948, § 613.31, provides that service on a foreign corporation may be obtained by service "upon any officer or agent of such corporation within this state, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section."

It is clear that a corporation may be an agent of another corporation, and that service on such a corporate agent will, if otherwise valid, constitute service on the principal corporation. In Industrial Research Corp. v. General Motors Corp., D.C.N.D.Ohio, 1928, 29 F.2d 623, at page 625, the court said:

"It is true that the mere fact that stockholders of two corporations are the same, with one exercising a control over the other through ownership of its stock, or through identity of its stockholders, does not make either the agent of the other; nor does a merger follow therefrom to the result that a contract or act of one becomes binding upon the other, where each corporation is separately organized under a distinct charter. * * * But the fiction of corporate entity may be disregarded, where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation."

See, also, Annotation: Corporation—Doing Business in State, 18 A.L.R.2d 188, 193–202.

On the basis of the affidavits filed in connection with this motion, it is clear to the court that Youngstown Steel Products Company is a corporate agent of Youngstown Sheet & Tube Company, and that, as an agent, Youngstown Steel Products Company has solicited business within this state. The affidavits show that Youngstown Steel Products Company is held out to the public as "representing Youngstown Sheet and Tube Company," that Youngstown Sheet & Tube Company is listed in the Detroit telephone directory and uses the same number assigned to Youngstown Steel Products Company, that David H. Goodfellow, an employee of Youngstown Steel Products Company, uses the letterhead of Youngstown Sheet & Tube Company and is listed thereon as "District Sales Manager" of Youngstown Sheet & Tube Company, with no mention of his connection with Youngstown Steel Products Company, and the affidavits also show solicitation of business for Youngstown Sheet & Tube Company by employees of Youngstown Steel Products Company. The combination of all these facts indicates that Youngstown Steel Products Company is in fact the corporate agent of Youngstown Sheet & Tube Company.

However, it is also clear that the mere fact of service on a corporate agent of a foreign corporation, within the state, does not necessarily constitute such service as will give this court jurisdiction over the foreign corporation.

This court has previously held that under Rule 4(d) resort must be had to applicable state law to determine whether a foreign corporation is subject to service. Singleton v. Atlantic Coast Line R. Co., D.C.E.D.Mich.S.D.1956, 20 F.R.D. 15. If it is determined that a particular foreign corporation is subject to service under state law, then it becomes necessary to examine federal law to determine whether assumption of jurisdiction by this court over that foreign corporation will be in accordance with the constitutional requirements of due process of law outlined in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the leading case on this subject. In Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F.2d 193, at page 194, the court said:

"If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the inter-

state commerce clause of the federal constitution. * * * This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

Another case following the same analysis is Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33.

■ An examination of the affidavits filed in this case fails to indicate any showing of facts sufficient to bring Youngstown Sheet & Tube Company within the Michigan rules governing service of process on foreign corporations. The reported decisions construing M.S.A. § 27.761 indicate that a foreign corporation will be amenable to service in this state if it is doing business within the state in such a manner as to warrant the inference that it is present there. Dobson v. Maytag Sales Corp., 1940, 292 Mich. 107, 290 N.W. 346; Watson-Higgins Milling Co. v. St. Paul Milling Co., 1931, 256 Mich. 258, 239 N.W. 295. In Hellman v. Ladd, 1946, 315 Mich. 150, 23 N.W.2d 244, 246, the court held that a foreign corporation which solicited sales within the state was not, by virtue of that fact alone, subject to service. The court there said:

"The mere fact that Winkenweder made sales in Michigan, collected commissions thereon, sent its employees here to assist in the war efforts of Superior, and actually employed officers of Superior to render certain technical assistance to its sales division, does not constitute doing business in this State so as to subject Winkenweder to service of process herein."

It is significant that in those cases where the Michigan court has held that foreign corporations were amenable to service of process it has emphasized that there was some activity of that foreign corporation within this state that con-

stituted something more than the mere solicitation of business. Dobson v. Maytag Sales Corp., supra; Malooly v. York Heating & Ventilating Corp., 1935, 270 Mich. 240, 258 N.W. 622; Cheli v. Cudahy Bros. Co., 1932, 260 Mich. 496, 245 N.W. 503.

It should be noted that in the cases above cited the Michigan Supreme Court cited, as authority for the rules enunciated therein, certain opinions of the United States Supreme Court prior to the decision in International Shoe Co. v. State of Washington, supra. It may well be that the Michigan Supreme Court will take advantage, at some future time, of the more liberal standards of due process of law contained in the International Shoe Co. case, supra, and allow a foreign corporation to be subjected to service within this state under circumstances that would not now be sufficient. However, in the two cases considered by the Michigan Supreme Court which mention the International Shoe Co. case, the court has not gone so far as to hold that mere solicitation of business is sufficient to subject a foreign corporation to the jurisdiction of the Michigan courts of general jurisdiction. Hershel Radio Co. v. Pennsylvania R. Co., 1952, 334 Mich. 148, 54 N.W.2d 286; H. F. Campbell Const. Co. v. Palombit, 1956, 347 Mich. 340, 79 N.W.2d 915. In the latter case, the court emphasized that the intra-state sales agent took, accepted, and filled orders for the foreign corporation, and therefore held that corporation amenable to service of process. In Hershel Radio Co. v. Pennsylvania R. Co., supra, the court held that the Pennsylvania Railroad Company was not amenable to service, where the railroad merely solicited business within the state. These cases do not indicate any departure from the rules established in the cases cited, supra, decided prior to International Shoe Co. v. State of Washington.

The record in the case at bar indicates no activity on the part of Youngstown Sheet & Tube Company within this state

other than solicitation of business. The orders solicited are accepted by Youngstown Sheet & Tube Company in Ohio, and there is no showing that Youngstown Steel Products has any further contact with the servicing or filling of these orders. On this state of the record, this court must hold that Youngstown Sheet & Tube Company is not amenable to service of process in Michigan under Michigan law.

■ Furthermore, it does not appear to the court that there is a showing of facts on this record sufficient to satisfy the requirements of due process of law laid down in the International Shoe Co. case, where the Supreme Court said, at 326 U.S. 316, 66 S.Ct. 158: "Due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" In its analysis of the facts of that case, the Supreme Court emphasized the regular and continuous nature of the solicitation of business by the defendant-corporation in the State of Washington, and further emphasized that the cause of action for which service of process was attained rose out of those activities in that state. In the case at bar, there is no showing of any regular and continuous nature of the solicitation of orders other than two isolated instances, and the cause of action rises out of an accident occurring in Missouri, and is in no way related to Youngstown Sheet & Tube Company's activities in this state. In view of these facts, it is the opinion of the court that the constitutional requirements of due process of law would not be satisfied if this court assumed jurisdiction over Youngstown Sheet & Tube Company.

For the above reasons, the motion to quash service of process is granted.

An appropriate order may be presented.