Lawrence BERK and Eugene Brownstein, doing business as Morris Poultry Company, Plaintiffs,

v.

GORDON JOHNSON COMPANY, a Missouri corporation, Defendant.

Civ. A. No. 22684.

United States District Court
E. D. Michigan, S. D.

Dec. 19, 1962.

Leopold J. Snyder, Bernard J. Fieger, Snyder & Fieger, Detroit, Mich., for plaintiffs.

Lucian Lane, Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, Mo., Harold Mountain, Jr., Freud, Markus, Slavin & Mountain, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is an action for breach of warranty arising out of the purchase of certain chicken processing equipment and is now before the Court on the motion of defendant, a foreign corporation, to quash service of process. The grounds of the motion are that defendant's activities in Michigan did not establish a sufficient nexus with that State to render it amenable to suit by plaintiffs and that if Michigan law does hold defendant's activities sufficient, such state law is in contravention of the due process clause of the Fourteenth Amendment and the Commerce Clause of the Federal Constitution.

The plaintiffs, residents of Michigan, are in the business of butchering and merchandising poultry at the wholesale level solely for sale to kosher poultry markets. The defendant, a Missouri corporation, is engaged in the business of manufacturing and selling equipment used in processing poultry.

It is admitted by plaintiffs that the defendant is not registered to do business in Michigan, has no registered agent in Michigan and maintains no office in said State.

Plaintiffs' claim, according to their affidavit, stems from the following events. In the spring of 1961, Harold Flowers, one of defendant's salesmen who resides in Ohio and whose territory consists of several states, including Michigan, contacted the plaintiffs for the purpose of selling them automatic chicken processing equipment especially designed for kosher purposes. Flowers examined the processes being used by the plaintiffs and their employees, discussed extensively with plaintiffs the type of equipment they would need, arranged for plaintiff, Brownstein, to go to St. Louis, Missouri, to examine a kosher processing plant using defendant's equipment, and negotiated with plaintiffs all the terms of purchase, including the warranties that were given when the purchase order was accepted by the defendant at its Missouri home office. Defendant shipped the ordered equipment to Detroit from Kansas City, Missouri, and its employees installed and supervised the installation of same, during which time Flowers was present and made suggestions relating to the method of installation. After the equipment had been installed, plaintiffs notified the defendant that it was not working properly, whereupon the defendant on several occasions sent servicemen to Detroit to confer with Flowers and plaintiffs to correct the difficulties of which the latter were complaining. The plaintiffs, at Flowers's suggestion, purchased additional equipment to eliminate the difficulties involved. However, the plaintiffs' problems persisted and defendant sent Messrs. Glanville and Woods to join Flowers at a meeting with plaintiffs in Detroit. Additional suggestions were made by these gentlemen at such meeting, and acting thereon, the plaintiffs purchased more equipment that was installed under the observation of Glanville and Flowers. Further arrangements concerning the purchase terms were negotiated at that meeting. This additional equipment also failed to correct the situation and, consequently, further discussion followed between the plaintiffs and the defendant's officials, including Flowers, but such discussion did not result in eliminating the difficulties to plaintiffs' satisfaction.

In support of its motion, the defendant has filed affidavits which state that it is a Missouri corporation with its principal place of business in such State; that it has no offices or resident agent in Michigan; that its name is not on any office and is not listed in any Michigan telephone directory; that its sales consist of products shipped in interstate commerce as a result of orders sent through such commerce to Missouri, and no agent who procures such orders is authorized to do anything but solicit and transmit them to Missouri for acceptance or rejection by the home office; that its agents either install or supervise the installation of its products as an essential and inseparable part of the sale; that the service of

the summons was made on Flowers, a traveling salesman who is a resident of Ohio and whose authority is limited to soliciting orders from prospective customers in the States of Michigan, Tennessee, Kentucky, Ohio, Indiana, and parts of West Virginia and Illinois; and that in the fiscal year of April 1, 1961, to March 31, 1962, apart from the sale to plaintiffs, which is the subject of this action, it had only three other sales of its equipment or products in Michigan amounting to $370.42, $54.34 and $105.60, respectively, which were sales resulting from orders sent to the home office in Missouri for acceptance or rejection.

Plaintiffs in their brief state that defendant maintained supplies with plaintiffs and others in Michigan and still maintains such supplies with others for sale to users and owners of its equipment. However, since this statement is not supported by any affidavit and is denied in one of the defendant's affidavits, it will not be considered in disposing of this motion.

The parties agree that service of process was in the manner required by Rule 4(d) (7) of the Federal Rules of Civil Procedure and also agree as to the applicability of state and federal law to the issues involved in the question of when a state may exercise in personam jurisdiction over a foreign corporation.

State law governs the question of whether a foreign corporation is subject to its in personam jurisdiction provided such state law is within federal Constitutional requirements, which requirements involve a question to be determined by federal law.

In Dolce v. Atchison, Topeka & Santa Fe Railway Co., D.C., 23 F.R.D. 240, p. 242, this Court said:

"This court has previously held that under Rule 4(d) resort must be had to applicable state law to determine whether a foreign corporation is subject to service. Singleton v. Atlantic Coast Line R. Co., D.C.E.D. Mich.S.D.1956, 20 F.R.D. 15. If it

is determined that a particular foreign corporation is subject to service under state law, then it becomes necessary to examine federal law to determine whether assumption of jurisdiction by this court over that foreign corporation will be in accordance with the constitutional requirements of due process of law outlined in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the leading case on this subject."

The instant case is very similar to that of Harvey's Sons Manufacturing Co. v. Sterling Materials Co., 247 Mich. 317, 225 N.W. 538. In that case the defendant, a Canadian corporation which did not maintain either an office or warehouse or stock in Michigan, sold a quantity of roofing material to the plaintiff through a commissioned salesman subject to the confirmation of the defendant. The material was forwarded to the plaintiff, who was dissatisfied with it and complained by mail to the defendant who replied that it was sending one of its representatives to call. When the defendant's representative called, he was served with a writ of summons in a breach of contract suit arising out of the sale of the roofing equipment. Under these facts, the Michigan Supreme Court held that this was valid service and that such service did not violate either the due process or commerce clauses since defendant was doing business in Michigan.

In the case of Malooly v. York Heating & Ventilating Corp., 270 Mich. 240, 258 N.W. 622, appeal dismissed 296 U.S. 533, 56 S.Ct. 92, 80 L.Ed. 379, the Court held that where the defendant foreign corporation, through its Detroit sales representative who maintained a Detroit office at his expense, solicited an order from the plaintiff which was shipped in interstate commerce, and the sales representative supervised the installation of the equipment and undertook to correct the defects of which plaintiff complained, service of process on such sales repre-

sentative was valid. The Court, at p. 249, 258 N.W. at p. 624, stated:

"The record does not disclose any change in York's manner of doing business in Michigan subsequent to the installation of the equipment, and it is a reasonable inference that its business was being conducted in the same way when process was served upon Mr. McConnor. The limitations described do not account for York's actions in connection with the installation of equipment. The agent was here, not only for the purpose of securing business for his principal, but he was available to serve his employers in connection with the installation and operation of sold equipment."

■ In the instant case, Flowers was not a resident sales representative. However, this Court agrees with the statement of Judge O'Sullivan in the case of Republic Supply Corporation v. Lewyt Corporation (E.D.Mich.), 160 F. Supp. 949, at p. 952:

"The defendant Lewyt Corporation's sales manager resided in Illinois. This Court, however, does not think his place of residence is controlling. What he did in Michigan is the important consideration."

■ It should also be noted that the Court in the Lewyt case, at page 955, pointed out that the fact the salesman had no authority to conclude contracts or sales but was required to refer all matters to the home office which was in another state did not insulate the defendant foreign corporation from a finding that it was, in fact, in Michigan.

The cases involving Michigan law upon which the defendant relies are distinguishable from the instant case. Those cases consisted of either the mere solicitation of interstate business,[1] or the solicitation of interstate business with installation of the purchased equipment as an incidental and necessary element of the transaction,[2] or the solicitation and interstate sale of a large shovel plus the moving of such shovel from one point to another in Michigan as part of the transaction,[3] or the solicitation of interstate sales plus the collection of commissions in Michigan and the rendering of assistance to a Michigan manufacturer from whom the defendant bought the goods it sold,[4] or actions by the officers of a foreign corporation that were only incidental to intra-corporate operations and not connected with third parties,[5] or an affidavit by the plaintiff's attorney in which it was stated as a legal conclusion that the defendant foreign corporation was doing business in Michigan and that its property was located in Michigan and was being used by one of its officers.[6]

This Court also notes that many of the cases on which the defendant relies involve the question of whether the foreign corporation's activities within the state were sufficient to require such corporation to meet the state statutory conditions under which a foreign corporation may be allowed to do business and bring suits within that state.[7]

1. Dolce v. Atchison, Topeka & Santa Fe Ry. Co., supra (E.D.Mich.), 23 F.R.D. 240; Singleton v. Atlantic Coast Line Railroad Co. (E.D.Mich.), 20 F.R.D. 15; Hershel Radio Co. v. Pennsylvania R. Co., 334 Mich. 148, 54 N.W.2d 286; Cleveland Cooperage Co. v. Detroit Milling Co., 235 Mich. 57, 209 N.W. 144; Westerlin & Campbell Co. v. Detroit Milling Co., 233 Mich. 384, 206 N.W. 371.

2. Transit Bus Sales v. Kalamazoo Coaches (C.A.6), 145 F.2d 804; Bay City v. Frazier (C.A.6), 77 F.2d 570; Moline Furniture Works v. Club Holding Co., 280 Mich. 587, 274 N.W. 338.

3. Vulcan Steam Shovel Co. v. Flanders (D.C.Mich.), 205 F. 102.

4. Hellman v. Ladd, 315 Mich. 150, 23 N.W. 2d 244.

5. Zeidler v. Johnson, 346 Mich 203, 77 N.W.2d 756.

6. National Concessions, Inc. v. National Circus Corporations, 347 Mich. 335, 79 N.W.2d 910.

7. York Manufacturing Co. v. Colley, 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963; Transit Bus Sales v. Kalamazoo Coaches, supra, 145 F.2d 804; Bay City v. Frazier,

■ In the case of Dobson v. Maytag Sales Corp., 292 Mich. 107, at page 111, 290 N.W. 346, at page 347 Justice McAllister, speaking for the Court, observed:

" * * * the further conclusion to be drawn from the cases is that whether a foreign corporation is doing business in such a sense as to make it amenable to the jurisdiction of the courts of the state, is not to be determined by the tests applicable under statutes such as those prescribing the conditions under which a foreign corporation may be allowed to do business within the state. Activities insufficient to make out the transaction of business under such statutes may yet be sufficient to bring the corporation within the state so as to make it amenable to process. 14a C.J. 1372."

The defendant also claims that service in the instant case violates the commerce and due process clauses.

■ The commerce clause primarily comes into consideration in determining whether the state courts should be closed to foreign corporations for failure to comply with the qualification statutes, while the due process clause is mainly involved in deciding whether to subject a foreign corporation to service of process in the state. Green v. Robertshaw-Fulton Controls Co. (S.D.Indiana), 204 F.Supp. 117. In other words, if due process is satisfied, a foreign corporation may be subject to the ordinary process of the state courts, although the business transacted may be entirely interstate in its character. International Harvester Co. of America v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

Any resolution of the due process problem begins with International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct.

154, 90 L.Ed. 95. In assaying the question of state court jurisdiction over foreign corporations, that case put to rest the "consent" and "presence" theories of jurisdiction formerly in vogue and adopted as a standard whether the foreign corporation had such "minimum contacts" with the forum that the maintenance of the action would not offend "traditional notions of fair play and substantial justice." Id., 316, 66 S.Ct. 158; see also Sanders Associates, Inc. v. Galion Iron Works & Mfg. Co. (C.A.1), 304 F.2d 915.

The Court, 326 U.S. at p. 319, 66 S.Ct. at p. 160, of its opinion in International Shoe aptly states the policy reason behind its decision:

"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

■ In other words, a state may exercise in personam jurisdiction over a foreign corporation where the cause of action arises out of an act done or transaction consummated in the forum state or where the defendant's activities have substantial connection with the state in that the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; McGee v. International Life Ins. Co., 355 U.S. 220, 78

supra, 77 F.2d 570; Vulcan Steam Shovel Company v. Flanders, supra, 205 F. 102; Moline Furniture Works v. Club Holding Co., supra, 280 Mich. 587, 274 N.W. 338; Cleveland Cooperage Co. v. Detroit Milling Co., supra, 235 Mich. 57, 209 N.W. 144; Westerlin & Campbell Co. v. Detroit Milling Co., supra, 233 Mich. 384, 206

N.W. 371; Richards-Wilcox Co. v. Talbot & Meier, 252 Mich. 622, 233 N.W. 437; see also Aeolian Co. v. Fischer (C.A.2), 40 F.2d 189, involving the question of whether plaintiff's activities involved interstate commerce under the Sherman and Clayton Acts.

S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. Washington, supra, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

In the instant case, the defendant's activities in Michigan were substantial and the plaintiffs' cause of action arises from these activities by which the defendant solicited the contract, installed the equipment and on several occasions its representatives conferred with the plaintiffs in order to correct the situation complained of, and as a result sold plaintiffs additional equipment.

This Court concludes that defendant was subject to service of process in Michigan and that the defendant's activities were sufficient to satisfy the "minimum contacts" requirement of International Shoe.

Therefore, the defendant's motion to quash service of process is hereby denied. An appropriate order may be submitted.