**TRUCK TRANSPORT COMPANY, Incorporated, a Michigan corporation,**
**Plaintiff,**

v.

**CANADIAN NATIONAL RAILWAYS, a**
Canadian corporation, Defendant.
**Civ. A. No. 18188.**

United States District Court
E. D. Michigan, S. D.
Oct. 20, 1958.

**620**

Earl T. Prosser, Ballantine, Kennedy & Huhn, Detroit, Mich., for plaintiff.

Robert L. Livesay, Detroit, Mich., for defendant.

THORNTON, District Judge.

On September 9, 1958, this Court entered an order denying the motion of defendant which is the subject matter of this opinion. Because time was of the essence insofar as the interest of plaintiff was concerned, the order was filed at a time to protect plaintiff's interest and at a time when it was not possible for the opinion to be completed. The motion under consideration was filed by defendant and bears the title "Motion to Dismiss or in Lieu Thereof to Vacate, Set Aside, or Quash the Service or Attempted Service of Summons, and the Return of Service of Summons, and to Quash the Summons."

The complaint in the instant case sets forth a claim for damages for the destruction of plaintiff's tractor and trailer, and for the loss of use thereof, allegedly caused by the negligence of defendant at a highway, crossing defendant's railway track at Thamesville, Ontario, Canada—a place apparently approximately 60 miles from Detroit, Michigan, where this Court sits.

Defendant bases its motion on several grounds – – – 1) that defendant is not properly named (Canadian National Railway Company is defendant's name); 2) that defendant was not properly served, as the person served was not one authorized to receive service of process; 3) that defendant is not subject to service of process in Michigan as it does not do business in Michigan; 4) that the exercise of jurisdiction in this case will unduly burden foreign and interstate commerce in violation of the commerce clause of the Constitution of the United States, and that it would also be in violation of both the due process and the equal protection clauses of the Constitution.

We will proceed to take up the four points raised by defendant, but not necessarily in the order set forth in its motion.

■ Point 4 relies on claimed violation of constitutional rights if the action should be permitted to continue. We are so far from impressed with the seriousness of the contention in this respect that we intend not dealing with this point at any length. The cases cited by defendant which rely on this doctrine contain such entirely different factual situations from the one here present that we do not think it necessary to dwell on the differences. They are readily apparent to one who reads the pleadings herein and the facts as set forth in said opinions. If defendant would have us consider his Point 4 as including or incorporating the doctrine of forum non conveniens, we must state that we are not at all sure that this doctrine is applicable where a foreign country is involved, but even if it be so considered we are not convinced that the bringing of defendant's witnesses 60 miles for a trial at the forum chosen by the plaintiff in view of the factual picture here present (defendant's railroad station is across the Detroit River from this Courthouse, and accessible by car and bus in a matter of minutes) meets the test for forum non conveniens. We are impressed that it does not. This Court is regularly engaged in the trial of cases where witnesses travel that distance [1] and further to appear at the trial.

■ Point 1 is an objection to validity of service because the defendant is not properly named. Here again we decline to give this point any lengthy treat-

[1]. 60 miles.

ment. There is no confusion here as to who is meant by the named defendant. The slight correction involved is easily taken care of by amendment. The liberality of the federal rules is broad enough to apply in this situation.

■ Point 2 involves the validity of service on a Mr. Watson. Let us preface our remarks on this point with this statement. If defendant is not subject to suit in Michigan, then it is immaterial whether Mr. Watson is a person on whom service could properly have been made. For purpose of Point 2 we will assume that defendant is subject to suit in Michigan. It then becomes important to determine whether the service made on Mr. Watson was valid. M.S.A. § 27.761 reads as follows:

"In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this state, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section. * * *." Comp.Laws 1948, § 613.31.

The affidavit of the attorney for defendant states that Mr. Watson is a full time employee of the Grand Trunk Western Railroad Company, (a wholly owned subsidiary of defendant—page 3 Transcript of August 25, 1958) 131 West Lafayette, Detroit, Michigan. The affiant states further that Mr. Watson sells tickets for transportation over the defendant's lines, and also over a number of other lines. It seems to us that the activity of selling tickets brings a person within the purview of the Michigan statute above quoted. Is not Mr. Watson acting as an agent for defendant when he sells its tickets to be used on its lines? Is he not at least "representing such corporation" in some "capacity"? We think the answer to both of these questions must be in the affirmative. The service on Mr. Watson is therefore service on defendant and is valid, provided we determine that defendant may be sued here.

■ Point 3 is the last one to be taken up. The argument here advanced by defendant has much merit. We recognize that in this field of the law the confusion appears to be absolute. Whether or not a corporation is doing business so as to be amenable to process in a particular state is determinable by a number of tests, none of them conclusive. Counsel for defendant stated in open court that he had devoted two or more weeks to researching just this point, and had read over a hundred cases. During the nine and one-half years this Court has been hearing cases, the question has come up with frequent regularity. It may be that we too have read a hundred cases on the point—or perhaps it just seems like that many. The net conclusion the Court has drawn is that, after the consideration of a few basic principles laid down in the controlling cases, each case must be determined on its own peculiar factual configuration. Whether or not a given corporation is or is not doing business is a question of fact—it is a matter for practical, not theoretical, determination.

It is undisputed here that defendant sells tickets in Detroit for transportation on its lines; that defendant solicits business in Michigan; that it maintains a freight traffic department in Detroit, at an address listed in the Detroit telephone directory; that in connection with the sale of passenger tickets the defendant provides bus service for said passengers from the Brush Street Station in Detroit via tunnel to its train located across the river in Windsor, Canada; that the *plaintiff* in this case is a corporation of the State of Michigan, and has its principal place of business in Wayne County, Michigan.

In relation to the above, as not constituting the doing of business, the defendant has cited to the Court numerous cases standing for the proposition that any such item (as outlined above) alone is not sufficient, and also that various combinations of them are not sufficient. We have no quarrel with the cited cases. We particularly do not disagree with the reasoning of Judge Freeman of this court

in the case of Singleton v. Atlantic Coast Line Railroad Co., D.C., 20 F.R.D. 15 in which he concludes that state law governs whether a foreign corporation is subject to service in a diversity action. In his opinion, Judge Freeman cited the case of Hershel Radio Co. v. Pennsylvania R. Co., 334 Mich. 148, 54 N.W.2d 286. The company in that case which sought dismissal as to it was the Southern Pacific Company. The opinion there, by Justice Butzel, points out that Southern Pacific had an office in Detroit employing 10 men for the purpose of soliciting business. The Detroit office also supplied rate and routing information, and was listed in the Detroit telephone directory. It sold no tickets in Michigan, and had no track or railroad equipment within the State of Michigan, the most eastern terminus of its operation being New Orleans, La. As to these last three items, let us compare the situation of defendant in the instant case. Defendant *sells* passenger tickets here. Although it has no track or equipment, *it has the equivalent by virtue of the bus service it renders* to its passengers right here in Detroit. And, third, its railway terminal from which Michigan passengers embark is figuratively *only a stone's throw from Detroit.* The most careful reading and analysis of both the Singleton case, supra, and the Hershel case, supra, do not in our opinion compel the conclusion in the instant matter that the defendant is not doing business here, as a matter of fact. We do not believe that we are running afoul of either of those two decisions, nor of any of the pronouncements of the United States Supreme Court in this respect in determining that defendant is in fact doing business here for purposes of service of process. Nor do we believe that the International Shoe Company [2] famous and often quoted "traditional notions of fair play and substantial justice" concept would be dishonored by so holding. On the contrary, we feel that the concept would be more honored than dishonored. Defendant is not a remotely situated connecting carrier. As to persons purchasing tickets from its Detroit representative in Detroit, it is a carrier situated a short distance from the other end of the Detroit-Windsor tunnel, and it is an original carrier as to such passengers. For purposes of service of process, it is doing business in Michigan. As to the particular plaintiff, the accident complained of happened in Canada approximately sixty miles away. It was not a passenger of defendant railway but that is not the test. It is not necessary in determining "doing business" to determine if the particular defendant corporation was doing business in relation to the particular plaintiff —a theory that appears to be advanced by defendant.

Because of the above reasoning, the Court reached the conclusion which prompted its order of September 9, 1958, denying defendant's motion.

2. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95.