INSURANCE COMPANY OF NORTH AMERICA COMPANIES

*v.* CANADIAN NATIONAL RAILWAY COMPANY.

1. JUDGMENT—PENDENCY OF SAME ACTION IN FEDERAL COURT.
    An action should be dismissed, where another action on the same cause was commenced prior to instant action and is pending in a Federal court having jurisdiction to try it (Court Rule No 18, § 1[d] [1945]).

2. APPEAL AND ERROR—REMAND—SUBJECT MATTER—PARTIES.
    Cause is remanded to circuit court for determination there of whether or not the instant case relates to the same cause of action and whether or not it is between the same parties as one mentioned in defendant's motion to dismiss as pending in a Federal district court (Court Rule No 18, § 1[d] [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts §§ 247–249.
[2] 3 Am Jur, Appeal and Error § 1215.
[3] 14 Am Jur, Courts § 246.
[4] 14 Am Jur, Costs § 95.

3. ASSIGNMENTS—PARTIAL CAUSE OF ACTION—JUDGMENT.

> The fact that a part of a cause of action in a court of this State had been assigned to the plaintiff's insurer and that the insurer was a coplaintiff in such action but not to action solely by the assignor against defendant carrier in a Federal district court would not preclude dismissal of the action in the State court if the 2 actions were on the same cause of action and the parties were otherwise the same, since such an assignee has the same relation to the opposite party as the assignor.

4. COSTS—REMAND.

> Costs are ordered to abide the final result in the circuit court, where cause is remanded thereto for additional determinations and proceedings.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 6, 1960. (Docket No. 25, Calendar No. 48,043.) Decided June 6, 1960.

Case by Insurance Company of North America Companies, a Pennsylvania corporation, subrogee, and Truck Transport Company, Inc., a Michigan corporation, against Canadian National Railway Company, a Canadian corporation, arising from collision in Ontario, in which service of summons was made on ticket agent operating as employee of connecting railroad line. Motion to dismiss granted. Plaintiff appeals. Remanded.

*Earl T. Prosser* (*Ballantine, Kennedy & Huhn* and *Carl W. Huhn,* of counsel), for plaintiff.

*Robert L. Livesay,* for defendant.

BLACK, J. Our attention has been called to a decision which no party has seen fit to cite or mention (*Truck Transport Co.* v. *Canadian National Railways,* 168 F Supp 619). Since respective counsel are the same in both cases, I am led to wonder whether this Court is not being agreeably "used" to second-

guess District Judge Thornton's decision in *Truck Transport* and, further, whether that decision was called to the attention of Judge Culehan when he concluded that the defendant's motion to quash and dismiss—in the present case—should be granted.

Investigation discloses that one of the above plaintiffs (Truck Transport, Inc.) originally sued Canadian National, for the apparent same cause, in the United States district court, ED Michigan SD, and that the suit so instituted is still pending by virtue of a special order of Judge Thornton, entered September 25, 1959, quoted as follows:

"Counsel for the respective parties having advised the court that a case related to the instant case is presently pending on appeal before the Michigan Supreme Court, and counsel having further advised the court that it is anticipated that disposition will not be made of said case for a period of approximately 6 months, therefore

"It is ordered that this case be, and it is hereby, placed on the suspended docket of this court."

If the cause is the same, and so it appears from comparison of the appendices and briefs in the present case with Judge Thornton's opinion of *Truck Transport, supra,* then the circuit court case should be dismissed for the reason given in paragraph 8 of the affidavit defendant has attached to its motion; that of pendency of another suit between the same parties for the same cause. See Court Rule No 18, § 1(d) (1945).* However, there being possible doubt

---

* It is but fair to note that Judge Thornton's opinion (shown in *Truck Transport, supra*) bears date of October 20, 1958, and that Judge Culehan's order granting defendant's motion to quash and dismiss was entered but 2 days later. From this I suspect that Judge Culehan was unaware of the district court order and ultimately reported opinion; also that he was unaware on the date of his decision that a like cause was pending in the district court. Otherwise, doubtless, Judge Culehan would have ascertained the facts necessary to determination of applicability of said Rule No 18.

upon the question—of identity of suit pending "for the same cause"—, I would remand for determination of that question and for such further proceedings as to Judge Culehan may be indicated.

The fact that the plaintiff insurer has joined as a party to the suit, and is not a party to the suit pending in the district court, will make no difference if, as it now appears, a part of the cause sued upon in the district court has meanwhile been assigned to such insurer. The latter in such event stands in the shoes of its assignor, there being 2 feet—of assignor and assignee respectively—in each shoe.

I vote to remand accordingly, leaving the question of costs to abide the final result below.

Dethmers, C. J., and Carr, Kelly, Smith, Edwards, Kavanagh, and Soubis, JJ., concurred.